**DB ENTERTAINMENT, INC. d/b/a Baby Dolls Topless Saloon, Inc. and Baby Dolls Topless Saloon, Inc., Relators,**

v.

**The Honorable Don WINDLE, Judge Probate Court No. 1, Denton County, Texas, Respondent.**

Nos. 2–96–034–CV, 2–96–035–CV.

Court of Appeals of Texas, Fort Worth.

July 19, 1996.

Rehearing Overruled Aug. 30, 1996.

Law Offices of Charles J. Quaid and Charles J. Quaid, Dallas, for Relators.

Griffin, Whitten & Jones and Mike Griffin, Michael J. Whitten, Michelle Jones, Denton, for Respondent.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

### INTRODUCTION

In these two identical mandamus proceedings, we must determine if a statutory probate court can transfer to itself, under section 608 of the probate code, a wrongful death suit pending in district court so that the wrongful death suit can be tried ancillary to guardianships pending in the statutory probate court. Because the statutory probate court in this case did not have statutory authority to transfer the wrongful death suit,

we conditionally grant the writs of mandamus.

### THE WRONGFUL DEATH SUIT

The underlying wrongful death suit arises from the death of Brian Green, who died in a car accident in Denton County after an evening of drinking at a Baby Dolls topless bar in Tarrant County. The suit was filed on December 22, 1994 in Denton County district court by his widow, Sandra, individually and as next friend of their two children, Leslie and Jacob. The suit, filed against relators DB Entertainment, Inc. d/b/a Baby Dolls Topless Saloon, Inc. and Baby Dolls Topless Saloon, Inc., is based on dramshop liability.[1]

The relators filed a motion to transfer venue of the wrongful death suit to Tarrant County. The motion was sustained by agreement—the plaintiffs' attorneys conceded that venue was proper in Tarrant County—on April 13, 1995. The suit was transferred to 153rd District Court in Tarrant County, where it has since pended.

### THE GUARDIANSHIPS

Guardianship proceedings for the estates of the two minor children were initiated in Denton County Probate Court in August 1995, and attorneys ad litem were appointed for the minors in October 1995. Two reasons were stated for the necessity of the guardianships: (1) a money dispute between Brian Green's mother and his widow and the two minors that resulted in the children each receiving $3,500; and (2) the wrongful death suit. Sandra was named guardian of the minors' respective estates in orders dated January 2, 1996. The attorneys for Sandra in the guardianships are also her attorneys in the wrongful death suit.

### THE TRANSFER

On December 12, 1995, Sandra filed identical motions in the guardianship proceedings in the statutory probate court to transfer the Tarrant County wrongful death suit to the Denton County probate court under section 608 of the probate code so that the wrongful

1. *See* Tex. Alco. Bev.Code Ann. § 2.02 (Vernon 1995).

death suit could be tried ancillary to the guardianships. She then filed first and second amended motions to transfer.

In identical January 19, 1996 orders, the Denton County statutory probate court, after a hearing, granted Sandra's second amended motions to transfer and transferred the wrongful death suit from Tarrant County district court to Denton County statutory probate court. It is from this order that relators seek a writ of mandamus or alternatively a writ of prohibition. Relators claim that the order was entered without statutory authority, that it is void, and that it was an abuse of discretion.

### STANDARD OF REVIEW

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.[2] A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law.[3]

■ With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the trial court could reasonably have reached only one decision and the trial court's decision is shown to be arbitrary and unreasonable.[4] Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts.[5] Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus.[6]

### DISCUSSION

To answer whether the statutory probate court abused its discretion by transferring the case under section 608, we must review applicable precedent and all of the pertinent probate code sections.

In *Seay v. Hall,*[7] the court addressed the issue whether statutory probate courts have jurisdiction under the probate code over wrongful death and survival actions. The court answered no, holding that under the pertinent probate code provisions then in effect:

● wrongful death and survival actions are not "matters appertaining to or incident to an estate" under sections 5(d) and 5A(b);

● wrongful death and survival actions are not "claims by or against an estate" under sections 3(c) and 5A(b);

● wrongful death and survival actions are not "matters relating to the settlement, partition, and distribution of estates of wards and deceased persons" under section 5A(b).[8]

On whether wrongful death and survival actions are "matters appertaining to or incident to an estate," the supreme court specifically held:

The "appertaining to" and "incident to" language ... was unquestionably designed to limit probate court jurisdiction to matters in which the *controlling issue* (emphasis added) was the settlement, partition, or distribution of an estate. Thus, we conclude that neither wrongful death nor survival actions are, or were intended to be, matters appertaining to or incident to estates.

. . . .

It is hornbook law that neither in a survival cause of action nor a wrongful death cause of action are the controlling issues,

---

**2.** *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992).

**3.** *Id.*

**4.** *Id.* at 839–40.

**5.** *Id.* at 840.

**6.** *Id.*

**7.** 677 S.W.2d 19 (Tex.1984).

**8.** *Id.* at 23–24.

even arguably the settlement, partition, or distribution of an estate.[9]

Thereafter, probate code section 5A was amended in 1985 by giving statutory probate courts concurrent jurisdiction with district courts in all actions "by or against a person in the person's capacity as a personal representative."[10] The purpose of the amendment was to legislatively overrule the result in *Seay*.[11] Nevertheless, the *Seay* court's interpretation of "matters appertaining to or incident to an estate" and its holding that wrongful death and survival claims are not "matters appertaining to or incident to an estate" are still good law.[12]

There were several more relevant amendments to the pertinent probate code sections,[13] all leading to the current probate code sections that are applicable to this proceeding:

### § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction

. . . .

(c) A statutory probate court has concurrent jurisdiction with the district court in all actions:

(1) by or against a person in the person's capacity as a personal representative;

. . . .

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c) and (d) apply whether or not the matter is appertaining to or incident to an estate.[14]

Section 607, which applies to guardianships, is almost identical to section 5A and provides in pertinent part:

### § 607. Matters Appertaining and Incident to an Estate

. . . .

(c) In all actions by or against a person in the person's capacity as a guardian, a statutory probate court has concurrent jurisdiction with a district court.

(d) A statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.

(e) Subsections (c) and (d) of this section apply whether or not the matter is appertaining to or incident to a guardianship estate.[15]

The result of the 1985 and later amendments is that a statutory probate court has concurrent jurisdiction with district courts over wrongful death and survival claims brought by someone in their capacity as a personal representative or a guardian.[16] The reason for this result is *not* because the probate code was amended to state that wrongful death and survival claims are matters appertaining to or incident to an estate; that sort of amendment did not occur.[17] Rather, and as set forth above, the reason that a statutory probate court has concurrent jurisdiction with district courts over wrongful death and survival claims is the following statutory language:

● A statutory probate court has concurrent jurisdiction with the district court in all actions by or against a person in

---

9. *Id.*

10. Tex. Prob.Code Ann. § 5A(b) (Vernon 1985); *see Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 181 (Tex.1992).

11. *Palmer*, 851 S.W.2d at 181–82; *see also* Charles B. Gorham, *The Jurisdiction of Statutory Probate Courts*, 59 Tex. B.J. 240, 244 (1996). *Palmer* presents a good, concise discussion of the "somewhat complex" issue, "to say the least," of probate jurisdiction. *See Palmer*, 851 S.W.2d at 180 n. 3; *see also* Gorham, 59 Tex. B.J. 240.

12. *Palmer*, 851 S.W.2d at 181 ("controlling issue in wrongful death and survival actions is *not* the

settlement, partition, and distribution of the estate"); Gorham, 59 Tex. B.J. at 244.

13. *See Palmer*, 851 S.W.2d at 181–82.

14. Tex. Prob.Code Ann. §§ 5A(c)(1),(d),(e) (Vernon Supp.1996).

15. *Id.* § 607(c), (d), (e).

16. *See Palmer*, 851 S.W.2d at 181–82; Gorham, 59 Tex. B.J. at 244.

17. *See Palmer*, 851 S.W.2d at 181–82; Gorham, 59 Tex. B.J. at 244.

the person's capacity as a personal representative or a guardian.[18]

● Subsections 5A(c)(1) and 607(c) apply whether or not the matter is appertaining to or incident to an estate.[19]

In fact, the relevant probate code sections intentionally exclude wrongful death and survival claims—suits by or against a person in the person's capacity as a personal representative or a guardian—among the classes of suits that appertain to or are incident to an estate.[20]

But the determination that a statutory probate court has concurrent jurisdiction with district courts over wrongful death and survival claims begs the question that we must answer in this proceeding—whether a statutory probate court can transfer to itself, under section 608 of the probate code, a wrongful death suit pending in another court so that the wrongful death suit can be tried in guardianships pending in the statutory probate court.

Section 608 of the probate code, the statute that the probate court relied on to transfer the wrongful death case, provides:

§ 608.   Transfer of Proceeding

A judge of a statutory probate court on the motion of a party to the action or of a person interested in a guardianship, *may transfer* to the judge's court from a district, county, or statutory court *a cause of action appertaining to or incident to a guardianship estate* that is pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to the guardianship estate.[21]

Almost identical to section 608 is section 5B:

§ 5B.   Transfer of Proceeding

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in an estate, *may transfer* to his court from a district, county, or statutory court *a cause of action appertaining to or incident to an estate* pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.[22]

■   Under section 608, a statutory probate court can transfer a case pending in another court to the statutory probate court *if the cause of action is appertaining to or incident to a guardianship estate* pending in the statutory probate court.[23]  For the following reasons, we hold that, despite a statutory probate court having concurrent jurisdiction with district courts over wrongful death and survival claims, a statutory probate court cannot *transfer* to itself a wrongful death cause of action pending in a district court to the statutory probate court under section 608:

● A wrongful death claim is not a cause of action appertaining to or incident to a guardianship estate pending in the statutory probate court.[24]

● Section 608 lacks language giving a statutory probate court authority to transfer actions by or against a person in the person's capacity as a guardian.[25]

● Section 608 lacks language giving a statutory probate court authority to transfer actions whether or not the matter is

18. TEX. PROB.CODE ANN. §§ 5A(c)(1), 607(c) (Vernon Supp.1996).

19. *Id.* §§ 5A(e), 607(e).

20. *Compare* TEX. PROB.CODE ANN. §§ 5A(b), 607(b) (Vernon Supp.1996) *with id.* §§ 5A(c)(1), 607(c); *see* Gorham, 59 TEX B.J. at 242.

21. TEX. PROB.CODE ANN. § 608 (Vernon Supp.1996) (emphasis added).

22. *Id.* § 5B (emphasis added).

23. *See Henry v. Lagrone*, 842 S.W.2d 324, 326–27 (Tex.App.—Amarillo 1992, orig. proceeding) (applying § 5B).

24. TEX. PROB.CODE ANN. §§ 5A(b),(c)(1), 607(b),(c) (Vernon Supp.1996); *Palmer*, 851 S.W.2d at 181; *Seay*, 677 S.W.2d at 23–24; Gorham, 59 TEX B.J. at 242.

25. *Compare* TEX. PROB.CODE ANN. § 608 (Vernon Supp.1996) *with id.* §§ 5A(c)(1), 607(c).

appertaining to or incident to a guardianship estate.[26]

■ Accordingly, in transferring the underlying wrongful death suit from Tarrant County district court to itself to be tried ancillary to the pending guardianship proceedings, the Denton County statutory probate court lacked statutory authority, much less discretion, to do so. Section 608, commonly referred to as the "reach out and touch someone" section,[27] is an inappropriate vehicle to "reach out to touch" the wrongful death case involving a Tarrant County bar. The transfer was an abuse of discretion.

Even if under section 608 the Denton County statutory probate court had the statutory authority and discretion[28] to transfer the wrongful death suit, we would still find an abuse of discretion under the facts of this case. We have already detailed how the wrongful death suit was originally filed in Denton County district court, how the relators moved to transfer venue to Tarrant County, how that motion was sustained by agreement and the case was transferred to Tarrant County because venue did not lie in Denton County, and how the case has pended in Tarrant County district court since April 13, 1995.

Before us now, of course, is the plaintiffs' attempt—in a blatant act of forum shopping—to get this case back to Denton County despite venue not lying there. Interestingly, there is authority that under section 608, a statutory probate court can transfer a case pending in a district court *in another county* to the statutory probate court, *even if that would result in improper venue, but only if the cause of action is appertaining to or incident to a guardianship estate.*[29]

But recent tort reform legislation has changed the ability of statutory probate courts to make such transfers in personal injury, death, or property damage suits and whether such suits can be filed in probate courts originally:

> [T]o the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.[30]

This new provision, however, only applies to suits filed on or after September 1, 1995.[31] Thus, because this wrongful death suit was filed before September 1, 1995, section 15.007 does not apply to this case.

The statement of facts from the hearing on the motions to transfer indicates that there was ample evidence to show this case's venue facts and the relators' forum-shopping allegations, but the case was transferred anyway. Forum shopping is against public policy, as reflected by the changes in venue law as part of last year's tort reform legislation. Particularly, section 15.007, which appears to be a legislative attempt to clarify and reiterate probate court jurisdiction over tort suits, prevents plaintiffs from filing such suits in probate court or transferring such suits (forum shopping) to probate court in contravention of the venue statutes.

Under these facts and circumstances, were we to find that the statutory probate court had discretion to transfer, we would find that the court's decision to transfer the case from Tarrant County, a county of proper venue, to Denton County, a county of improper venue, was so unreasonable to amount to an abuse of discretion.[32]

## CONCLUSION

To conclude, we hold that the Denton County statutory probate court erred and abused its discretion in transferring to itself

26. *Compare id* § 608 with *id.* §§ 5A(e), 607(e).

27. Gorham, 59 Tex. B.J. at 248 n. 32.

28. *See id.* § 608 ("may transfer").

29. *See Henry,* 842 S.W.2d at 326–27; see also *Lanier v. Stem,* No. 10–96–082–CV, —— S.W.2d —— (Tex.App.—Waco, May 22, 1996, orig.proceeding).

30. Tex. Civ. Prac. & Rem.Code § 15.007 (Vernon Supp.1996).

31. *Id.* § 15.001 historical note [Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 11(a), 1995 Tex. Sess. Law Serv. 981].

32. *See Walker,* 827 S.W.2d at 839.

the Tarrant County wrongful death case because a statutory probate court lacks statutory authority to transfer a wrongful death cause of action pending in a district court to the statutory probate court under section 608 of the probate code.

Mandamus will issue only where there is no adequate remedy at law, such as a normal appeal.[33] But in the situation where the trial court's order is void, the relator need not show that it lacks an adequate remedy at law and mandamus will issue.[34] Because the statutory probate court lacks statutory authority to transfer a wrongful death case to itself, its orders purporting to do so are void and the relators need not show that they do not have an adequate remedy by appeal.

We conditionally grant the writs of mandamus. The writs will issue only if respondent fails to vacate his January 19, 1996 orders.

**33.** *Id.*

**34.** *Buttery v. Betts,* 422 S.W.2d 149, 151 (Tex. 1967); *Gem Vending, Inc. v. Walker,* 918 S.W.2d

656, 658 (Tex.App.—Fort Worth 1996, orig. proceeding).