TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-97-00082-CV







Gitta Stermer Milton, Relator



v.



 The Honorable Guy Herman, Respondent







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







 Following the submission of two motions for rehearing, one by the real party in interest and
one by the Honorable Guy Herman, several amicus briefs and letters, and Gitta Milton's reply to the
motions for rehearing, we overrule both motions for rehearing, withdraw our opinion and judgment of April
3, 1997, and substitute the following in its place.

 Gitta Milton, relator, seeks mandamus relief ordering respondent to vacate his order that
the 261st District Court of Travis County transfer a pending divorce and parent-child proceeding, cause
number 97-01001, to the Travis County Probate Court Number One. The real party in interest, the estate
of Richard Milton, as represented by Nancy Scherer, the successor guardian of his estate, argues that
Judge Herman's order is proper pursuant to the Texas Probate Code, section 608. Because the probate
court lacked the statutory authority to order a district court to transfer the pending divorce and
accompanying parent-child proceeding, we will conditionally grant the writ of mandamus.


BACKGROUND


 Gitta and Richard Milton married in 1991 and had one child. Richard had been married
twice previously with each marriage ending in divorce. There was one child born of each previous
marriage. Each of Richard's former spouses was appointed managing conservator of her child. In April
1995, following a failed suicide attempt, doctors saved Richard's life, however, he has been in a vegetative
state since and resides in an Austin nursing home where he will probably remain for the rest of his life. 

 Based upon legal advice from her attorney at the time and the belief that a guardianship of
the person and estate would be necessary to negotiate with a corporation to which Richard had conveyed
a patent, Gitta sought and obtained a guardianship of the person, Richard's portion of the community estate
and his separate estate on July 31, 1995, in the Travis County Probate Court Number One. On
September 12, 1996, the probate court appointed Nancy Scherer as attorney ad litem for Richard because
Richard's mother, Leona Milton, noticed a MLS listing for her son's homestead. A hearing was held
before the probate court on December 11, 1996, in which it was ascertained that the house had been taken
off the market and the court re-instructed Gitta regarding her guardianship duties. 

 On January 27, 1997, Gitta filed an original petition in the 261st District Court of Travis
County seeking a divorce from Richard, sole managing conservatorship of their child, and a
disproportionate division of the community estate. The following day, Gitta resigned as Richard's guardian
in Probate Court Number One.

 On January 29, Scherer, who served as the ad litem attorney for Richard, submitted an
order to the probate court seeking to have herself appointed permanent guardian of Richard's one-half of
the community estate and permanent guardian over Richard's separate estate. Judge Herman signed the
order that day appointing Scherer as guardian of the estate and Leona Milton guardian of Richard's person. 
On February 3, Judge Herman signed an ex parte order authorizing Scherer to employ Janice Green of
Farris & Green to represent the best interests of Richard in the divorce action. Also on February 3, Judge
Herman heard Scherer's motion asking the probate court to order the 261st District Court to transfer the
related pending divorce and the parent-child proceeding to Probate Court Number One. On February 6,
Judge Herman signed an order purporting to transfer the related pending divorce and parent-child
proceeding to his probate court and consolidate the proceedings with Richard's guardianship proceeding.

 On February 6 in the district court, Gitta filed a first amended petition for divorce, an
application for a temporary restraining order, and a temporary injunction seeking to enjoin the transfer of
the divorce proceedings to the probate court. At the urging of the district court, the parties filed a Rule 11
agreement whereby they agreed to not take any action to transfer the divorce file out of the district court
until this Court determined whether the Travis County statutory probate court had the authority to order
the district court to transfer a pending divorce and parent-child proceeding to the probate court.

 After this Court issued the opinion in this case on April 3, 1997, the Honorable Guy
Herman issued an order withdrawing his order to transfer the divorce and parent-child proceedings to his
court on April 4, 1997. After signing this order, Scherer informed the Honorable Guy Herman and the
parties that she intended to file a motion for rehearing with this Court. The Honorable Guy Herman
withdrew his order of April 4 and reinstated the order to transfer the divorce and parent-child proceedings
to his court.


MANDAMUS STANDARD


 Mandamus is an extraordinary remedy to be exercised only when the trial court has
committed a clear abuse of discretion and there exists no adequate remedy by appeal. Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). A trial court clearly abuses its discretion when it reaches a
decision so arbitrary and unreasonable to amount to a clear and prejudicial error of law. Id. A clear failure
by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result
in mandamus. Id. 


ANALYSIS


 The parties have cited this Court no case law and we have found none specifically
addressing the authority of a statutory probate court to order a district court to transfer a pending divorce
and parent-child proceeding in the district court to the statutory probate court. Scherer contends that
because the probate court did not specify the statutory basis for its transfer order, there are three possible
reasons why the probate court had the authority to order the divorce and parent-child proceedings
transferred to its court. Unlike district courts, probate courts are creatures of statutes and consequently,
their authority to act is derived solely from statutory law. Only one statutory provision, section 608 of the
Texas Probate Code, addresses whether a statutory probate court may order a district court to transfer
a pending cause of action to the statutory probate court. See Tex. Probate Code Ann. § 608 (West Supp.
1997). We will address the parties' arguments relating to section 608.

 We review the statutory provisions relating to statutory probate court transfer orders. 
Section 608 of the probate code provides:


§ 608 Transfer of Proceeding


A judge of a statutory probate court on the motion of a party to the action or of a person
interested in a guardianship, may transfer to the judge's court from a district, county, or
statutory court a cause of action appertaining to or incident to a guardianship estate
that is pending in the statutory probate court and may consolidate the transferred cause of
action with the other proceedings in the statutory probate court relating to the guardianship
estate. 



Tex. Probate Code Ann. § 608 (West Supp. 1997) (emphasis added). 

 Under section 608, a statutory probate court may only transfer a case pending in a district
court to the statutory probate court if the cause of action is appertaining to or incident to a guardianship
estate pending in the statutory probate court. Section 607 defines appertaining to or incident to a
guardianship estate as follows:


§ 607 Matters Appertaining and Incident to an Estate


(b) In a proceeding in a statutory probate court . . . the phrases "appertaining to estates"
and "incident to an estate" in this chapter include the appointment of guardians, the
issuance of letters of guardianship, all claims by or against a guardianship estate, all actions
for trial of title to land and for the enforcement of liens on the land, all actions for trial of the
right of property, and generally all matters relating to the settlement, partition, and
distribution of a guardianship estate. 



Tex. Probate Code Ann. § 607(b) (West Supp. 1997). 

 Scherer contends that the divorce action and parent-child proceeding filed in the district
court are causes of action "appertaining to or incident to a guardianship estate" that is pending in the
statutory probate court. 

 A suit is appertaining to or incident to an estate when the controlling issue is the settlement,
partition, or distribution of an estate insofar as it does not apply to suits by or against a guardian. Palmer
v. Coble Wall Trust Co., 851 S.W.2d 178, 182 (Tex. 1992); Green v. Watson, 860 S.W.2d 238, 243
(Tex. App.--Austin 1993, no writ). It is the true nature of the case to be transferred that is determinative
of whether it is incident to a guardianship estate. Speer v. Stover, 711 S.W.2d 730, 738 (Tex.
App.--San Antonio 1986, no writ). 

 For the following reasons we hold that Judge Herman erred by ordering the 261st District
Court of Travis County to transfer the related pending divorce proceeding and parent-child proceeding to
the Travis County Probate Court Number One. Section 608 allows only the transfer of causes that are
appertaining or incident to a guardianship estate. Initially, we note that the itemized list contained in section
607(b) makes no reference to family law cases or, more specifically, divorce and parent-child proceedings
as causes of action that are matters appertaining to or incident to a guardianship estate. While the itemized
list in section 607(b) may not be an exhaustive list of the types of proceedings that a statutory probate court
may transfer to itself, we nevertheless note the absence from the listing of any family-law-type proceedings. 


 Scherer argues that the divorce and parent-child proceedings are within the section 607(b)
reference to "matters relating to the settlement, partition, and distribution of a guardianship estate." Scherer
contends that because divorce and the accompanying parent-child proceeding necessarily involve the
distribution of a guardianship estate, the proceedings are appertaining to and incident to the guardianship
estate. 

 While we agree that the divorce and parent-child proceeding may include a distribution of
some of the guardianship estate, that is not the sole issue in the uniquely family law divorce and parent-child
proceeding. While certainly the community portion of Richard's estate will be at issue, there exist many
more issues to be resolved during the divorce and parent-child proceedings than merely settlement,
partition, and distribution of the community portion of the guardianship estate. The divorce will require a
just and right division of the spouses' community property and the best interest of the child must be
considered rather than the best interest of the guardianship estate. Tex. Fam. Code Ann. §§ 3.63,
105.001, 154.122 (West 1993 & 1996). Judge Herman contends that because of Richard Milton's
physical and mental condition, there will be no controversy regarding possession of the couple's child. 
Judge Herman argues that the only decisions to make will be financial decisions that directly affect the
guardianship estate. 

 We disagree that financial decisions are the only controversies to be resolved associated
with the divorce and child custody proceeding. While it may be true that Richard will not seek possession
of the couple's child, there may be other parties such as grandparents that may raise issues regarding
possession and visitation. Child custody, child support and visitation issues, possibly by intervening
grandparents, are traditionally not the types of proceedings overseen by statutory probate courts. In
reviewing statements of facts from the hearings held in the probate court, it appears that the children from
Richard's previous marriages may attempt to intervene in the divorce proceedings. We conclude that,
because of the nature of the divorce and parent-child proceedings, these actions are not matters that are
appertaining to or incident to a guardianship estate. 

 Section 608 lacks language giving a statutory probate court authority to transfer actions
whether or not the matter is appertaining to or incident to a guardianship estate. In fact, section 608 only
gives a statutory probate court the power to transfer causes of action to itself from other courts that are
appertaining to or incident a guardianship estate pending in statutory probate court. Consequently, Judge
Herman lacked the statutory authority to order the 261st District Court of Travis County to transfer the
related pending divorce and parent-child proceeding to Travis County Probate Court Number One.

 Scherer also argues that the divorce and parent-child proceedings are appertaining to or
incident to the guardianship because the divorce and parent-child proceedings are claims "by or against a
guardianship estate." Tex. Prob. Code Ann. § 607(b) (West Supp. 1997). While we agree that there are
aspects of the divorce and parent-child proceedings that will address the guardianship estate that is not the
only issue to be resolved. 

 Scherer also argues that the divorce and parent-child proceedings are suits against the
guardian of Richard. Tex. Prob. Code Ann. § 607(c) (West Supp. 1997) ("[i]n all actions by or against
a person in the person's capacity as a guardian, a statutory probate court has concurrent jurisdiction with
a district court"). Therefore, argues Scherer, since the guardianship was filed in the probate court before
the divorce action was filed in the district court the statutory probate court has dominant jurisdiction. We
disagree that the divorce and parent-child proceeding is a suit against the guardian of Richard's estate. 
While it is the duty of the guardian to defend suits against the ward, providing a defense for the ward is
distinguishable from a suit against the guardian. The probate court appears to have recognized that the
divorce and parent-child proceeding are not suits against the guardian because by its February 3 order, it
appointed Janice Green to represent Richard, not the guardian, in the divorce and parent-child proceedings. 
The divorce and parent-child proceeding are not actions against a person in the person's capacity as
guardian. 

 Scherer also argues that pursuant to Probate Code section 607(d), pendant and ancillary
jurisdiction can also be exercised even if the action is not appertaining to or incident to a guardianship
estate. Tex. Prob. Code Ann. §§ 607(d), (e) (West Supp. 1997) (statutory probate court may exercise
pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy whether or not the
matter is appertaining to or incident to guardianship estate). Section 607(d) does not specifically refer to
family law matters. 

 Scherer, by motion for rehearing, cites this Court to Owen Equip. & Erection Co. v.
Kroger, 437 U.S. 365 (1987), defining ancillary jurisdiction as claims asserted defensively, i.e., claims by
a defending party hailed into court against his will. Additionally, Scherer cites Eagle Property, Ltd. v.
Scharbauer, 807 S.W.2d 714, 719 (Tex. 1990), defining pendent jurisdiction as jurisdiction over parties
not named in claims properly before the court and over whom there is not an independent basis of
jurisdiction. The purpose of pendent and ancillary jurisdiction is to permit the hearing of tangentially related
cases, if hearing these cases would promote judicial economy. The divorce and parent-child proceedings
are not claims "asserted defensively" and so are not within the definition of ancillary jurisdiction. Scherer
argues that combining the divorce, parent-child proceeding and the guardianship proceedings, which have
overlapping issues, would promote judicial economy. 

 We disagree. At one point during the hearing on the motion to transfer, Judge Herman
made the comment that, "this is the most complicated area of the law in the world, this divorce business." 
In reviewing the statement of facts from the hearing on the motion to transfer, Judge Herman asked Gitta
Milton's attorney many questions about divorce and parent-child proceedings regarding standing of former
spouses, courts of continuing jurisdiction for children of previous marriages, motions to modify child
support, characterization of property as compared to division of property. As pointed out by Gitta Milton's
attorney, the probate court is obligated to divide community property in a 50-50 manner. Such is not the
case in a divorce proceeding, as the court can divide the community property any way the judge sees fit
as long as it is a just and right division and the court does not abuse its discretion. Tex. Family Code Ann.
§ 3.63(a) (West 1993). The divorce and parent-child proceedings are not within the definition of ancillary
jurisdiction. Additionally, the exercise of pendant jurisdiction by the probate court will not promote judicial
economy. 


CONCLUSION


 We hold that the statutory Travis County Probate Court Number One erred and abused
its discretion by ordering the 261st District Court of Travis County to transfer the divorce and parent-child
proceeding to itself. A statutory probate court lacks the statutory authority to transfer such proceedings
pending in a district court to the statutory probate court under the only statutory provision addressing
statutory probate court transfer orders, section 608 of the probate code. Additionally, the exercise of
pendent jurisdiction over the divorce and parent-child proceedings by the probate court will not promote
judicial economy. The probate court must defer to the court in which the divorce was filed for a
determination of characterization of property issues and division. The decisions from that court will define
the estate the guardian has the power to administer.

 Mandamus will issue only when there is no adequate remedy at law, such as a normal
appeal. Walker, 827 S.W.2d at 839. However, in the situation where the trial court's order is void, the
relator need not show that it lacks an adequate remedy at law and mandamus will issue. DB
Entertainment, Inc. v. Windle, 927 S.W.2d 283, 289 (Tex. App.--Fort Worth 1996, orig. proceeding)
(citing Buttery v. Betts, 422 S.W.2d 149, 151 (Tex. 1967)). Because the statutory probate court lacks
statutory authority to order a district court to transfer a related pending divorce and parent-child proceeding
to itself, its orders purporting to do so are void and the relators need not show that they do not have an
adequate remedy by appeal.

 We overrule the motions for rehearing. We conditionally grant writ of mandamus and direct
Judge Herman to vacate the transfer order of February 6, 1997. Any orders Judge Herman issued in the
divorce and accompanying parent-child proceeding are void. The writ will issue only if Judge Herman fails
to vacate the transfer order of February 6, 1997. All other relief requested is denied.



 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: June 26, 1997

Publish



erty, Ltd. v.
Scharbauer, 807 S.W.2d 714, 719 (Tex. 1990), defining pendent jurisdiction as jurisdiction over parties
not named in claims properly before the court and over whom there is not an independent basis of
jurisdiction. The purpose of pendent and ancillary jurisdiction is to permit the hearing of tangentially related
cases, if hearing these cases would promote judicial economy. The divorce and parent-child proceedings
are not claims "asserted defensively" and so are not within the definition of ancillary jurisdiction. Scherer
argues that combining the divorce, parent-child proceeding and the guardianship proceedings, which have
overlapping issues, would promote judicial economy. 

 We disagree. At one point during the hearing on the motion to transfer, Judge Herman
made the comment that, "this is the most complicated area of the law in the world, this divorce business." 
In reviewing the statement of facts from the hearing on the motion to transfer, Judge Herman asked Gitta
Milton's attorney many questions about divorce and parent-child proceedings regarding standing of former
spouses, courts of continuing jurisdiction for children of previous marriages, motions to modify child
support, characterization of property as compared to division of property. As pointed out by Gitta Milton's
attorney, the probate court is obligated to divide community property in a 50-50 manner. Such is not the
case in a divorce proceeding, as the court can divide the community property any way the judge sees fit
as long as it is a just and right division and the court does not abuse its discretion. Tex. Family Code Ann.
§ 3.63(a) (West 1993). The divorce and parent-child proceedings are not within the definition of ancillary
jurisdiction. Additionally, the exercise of pendant jurisdiction by the probate court will not promote judicial
economy. 


CONCLUSION


 We hold that the statutory Travis County Probate Court Number One erred and abused
its discretion by ordering the 261st District Court of Travis County to transfer the divorce and parent-child
proceeding to itself. A statutory probate court lacks the statutory authority to transfer such proceedings
pending in a district court to the statutory probate court under the only statutory provision addressing
statutory probate court transfer orders, section 608 of the probate code. Additionally, the exercise of
pendent jurisdiction over the divorce and parent-child proceedings by the probate court will not promote
judicial economy. The probate court must defer to the court in which the divorce was filed for a
determination of characterization of property issues and division. The decisions from that court will define
the estate the guardian has the power to administer.

 Mandamus will issue only when there is no adequate remedy at law, such as a normal
appeal. Walker, 827 S.W.2d at 839. However, in the situation where the trial court's order is void, the
relator need not show that it lacks an adequate remedy at law and mandamus will issue. DB
Entertainment, Inc. v. Windle, 927 S.W.2d 283, 289 (Tex. App.--Fort Worth 1996, orig. proceeding)
(citing Buttery v. Betts, 422 S.W.2d 149, 151 (Tex. 1967)). Because the statutory probate court lacks
statutory authority to order a district court to transfer a related pending divorce and parent-child proceeding
to itself, its orders purporting to do so are void and the relators need not show that they do not have an
adequate remedy by appeal.

 We overrule the motions for rehearing. We conditionally grant writ of mandamus and direct
Judge Herman to vacate the transfer order of February 6, 1997. Any orders Judge Herman issued in the
divorce and accompanying parent-child proceeding are void. The writ will issue only if Judge Herman fails
to vacate the transfer order of February 6, 1997. All other relief requested is denied.



 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Writ of Mandamus Conditionally Granted