*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**OPINION**

No. 04-08-00322-CV

**CHIMP HAVEN, INC.**,
Appellant

v.

**PRIMARILY PRIMATES, INC.**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-11683
Honorable Michael Peden, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:   February 11, 2009

REVERSED AND DISMISSED FOR WANT OF JURISDICTION

This appeal involves a dispute over the ownership of several chimpanzees known as the OSU

chimpanzees.  Chimp Haven, Inc. and Primarily Primates, Inc. each filed declaratory judgment

claims in the trial court seeking to establish ownership of the OSU chimpanzees.  The trial court

granted summary judgment in favor of Primarily Primates, declaring that the OSU chimpanzees

belong to Primarily Primates and that Chimp Haven has no rights to the chimpanzees.  Because we

conclude the trial court lacked subject matter jurisdiction over the underlying dispute, we reverse the judgment of the trial court and dismiss the cause for want of jurisdiction.

### BACKGROUND

Primarily Primates is a nonprofit animal sanctuary located in Bexar County, Texas, which provides refuge for animals no longer wanted as pets or needed for biomedical research. Primarily Primates and Ohio State University ("OSU") agreed in 2006 for Primarily Primates to become the permanent residence for several chimpanzees which were no longer needed by the university for biomedical research. OSU's decision to transfer custody of the OSU chimpanzees to Primarily Primates, however, was criticized by the People for the Ethical Treatment of Animals ("PETA").

Following Primarily Primates's acceptance of the OSU chimpanzees, lawyers from PETA filed a lawsuit against Primarily Primates in Bexar County, Texas seeking to divest Primarily Primates of the OSU chimpanzees. This lawsuit was eventually dismissed by the trial court after it was determined that the plaintiffs lacked standing to bring their claims. The trial court's dismissal order was later affirmed by this court on appeal. *See Sarah v. Primarily Primates, Inc.*, 255 S.W.3d 132, 135 (Tex. App.—San Antonio 2008, pet. denied).

Issues arose concerning Primarily Primates's management of its organization and the Attorney General, on behalf of the public's interest in charity, filed suit against Primarily Primates in the probate court for Travis County, Texas. Upon the commencement of the Attorney General's suit, the probate court appointed a temporary receiver to manage the affairs of Primarily Primates. Once appointed, the temporary receiver took possession of Primarily Primates's property, including the OSU chimpanzees, and petitioned the probate court for additional powers in connection with her appointment. Specifically, the receiver sought the power to permanently relocate the animals

inhabiting Primarily Primates's sanctuary to other organizations. The probate court granted the receiver's request for additional powers and authorized the receiver to permanently relocate Primarily Primates's animals.

Primarily Primates thereafter filed an interlocutory appeal and motion for stay with the Third Court of Appeals. The court of appeals granted Primarily Primates's request for emergency relief and ultimately entered an order allowing for the permanent relocation of Primarily Primates's animals on a case-by-case basis provided the receiver could demonstrate that a permanent relocation was warranted under the circumstances. After the court of appeals issued its original stay order, the receiver temporarily transferred possession of the OSU chimpanzees to a Louisiana-based chimpanzee sanctuary, Chimp Haven. The terms of the transfer were documented in an Animal Transfer Agreement signed by the receiver and the president of Chimp Haven. The agreement provided that Chimp Haven would "accept the transfer of the [OSU] [c]himpanzees on a temporary basis to provide for their immediate temporary care." The agreement also contemplated the transfer to Chimp Haven could become permanent "upon any future relief from the Appellate Order and/or approval by the Probate Court."

The Attorney General and Primarily Primates eventually reached a settlement agreement with respect to the Attorney General's suit. The settlement agreement created a new Board of Directors to govern Primarily Primates, which the Attorney General would oversee. The settlement agreement also provided that the temporary receivership over Primarily Primates's property would end and that the Attorney General would "use its best efforts" to assist Primarily Primates in securing the return of the OSU chimpanzees from Chimp Haven.

Based on the settlement reached by the Attorney General and Primarily Primates, the Travis County probate court discharged the temporary receiver it had appointed and dismissed the Attorney General's lawsuit against Primarily Primates. In addition, the Third Court of Appeals dismissed the interlocutory appeal filed by Primarily Primates in connection with the probate court's appointment of the temporary receiver. The Travis County probate court subsequently issued a "Corrected Order of Dismissal With Prejudice" in which it informed the parties that the court would "retain jurisdiction for purposes of winding up the affairs of the receivership."

Although the Travis County probate court had taken measures to dismiss the Attorney General's lawsuit and discharge the temporary receiver, the probate court took no steps to disperse the property it had placed into receivership. As a result, the OSU chimpanzees remained in the possession of Chimp Haven following the dismissal of the Attorney General's suit against Primarily Primates. Primarily Primates thus contacted Chimp Haven about the return of the OSU chimpanzees to Texas.

Chimp Haven disputed Primarily Primate's claim to the OSU chimpanzees and refused to return the chimpanzees to Primarily Primates. When Chimp Haven refused to return the OSU chimpanzees to Texas, Primarily Primates filed a declaratory judgment action against Chimp Haven in the 224th Judicial District Court of Bexar County, Texas. Primarily Primates sought declarations that Chimp Haven lacked any legal right to the OSU chimpanzees and that Primarily Primates is the rightful owner of the chimpanzees by virtue of its agreement with OSU to provide for the lifetime care of the chimpanzees. Chimp Haven responded by filing a counterclaim, seeking a declaration that it is the rightful owner of the OSU chimpanzees. Chimp Haven claimed that because Primarily Primates is prohibited by state and local law from possessing dangerous wild animals at its

sanctuary, including chimpanzees, the contract transferring ownership of the chimpanzees from OSU to Primarily Primates is void and the Louisiana-based sanctuary was not required to return the OSU chimpanzees to Texas.

Primarily Primates moved for summary judgment on both traditional and no evidence grounds. The trial court rendered summary judgment in favor of Primarily Primates. The court's final judgment declares that the OSU chimpanzees belong to Primarily Primates and that Chimp Haven has no right to the chimpanzees. Following the trial court's denial of Chimp Haven's motion for new trial, this appeal followed.

## JURISDICTION

"Subject matter jurisdiction is essential to the authority of a court to decide a case." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is an issue that may be raised for the first time on appeal and cannot be waived by the parties. *Id.* at 445. If the trial court lacked jurisdiction, we have jurisdiction only to set aside the judgment of the trial court and to dismiss the cause. *Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 278 (Tex. App.—El Paso 2005, no pet.). Because subject matter jurisdiction raises a question of law, it is subject to *de novo* review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## DISCUSSION

Chimp Haven argues for the first time on appeal that the 224th Judicial District Court of Bexar County, Texas did not have jurisdiction to resolve the parties' dispute concerning the ownership of the OSU chimpanzees. According to Chimp Haven, the trial court lacked jurisdiction to enter a decree deciding the fate of the OSU chimpanzees because the probate court of Travis

County acquired exclusive jurisdiction over the chimpanzees once it appointed a temporary receiver to take possession of them. Chimp Haven claims that because the Travis County probate court has yet to relinquish its jurisdiction over the property placed into receivership, including the OSU chimpanzees, the Bexar County trial court was without subject matter jurisdiction to resolve any disputes relating to the ownership of such property.

It is well established that a court appointing a receiver has exclusive jurisdiction over the property subject to receivership. *See, e.g., Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 109 Tex. 69, 191 S.W. 563, 565 (1917). The court's power over the receivership property continues until either the court relinquishes its jurisdiction over the suit, *see Lauraine*, 191 S.W. at 565, or the receiver is discharged and the property is restored to the persons who are entitled to it. *See Tex. & P. Ry. Co. v. Johnson*, 76 Tex. 421, 13 S.W. 463, 466 (1890). Turning to the facts of this case, it appears the Travis County probate court had exclusive jurisdiction over the OSU chimpanzees at the time the Bexar County trial court entered its judgment because the probate court neither relinquished its jurisdiction over the property subject to the receivership, nor took any steps to disperse the receivership property following its discharge of the receiver.

When the Travis County probate court discharged the temporary receiver, the court did not direct the receiver to disperse the property subject to receivership, and failed to order Chimp Haven to return the OSU chimpanzees to Primarily Primates. The record shows that following the discharge of the receiver, the court issued its "Corrected Order of Dismissal With Prejudice." In this order, the Travis County probate court expressly stated that it would "retain jurisdiction for purposes of winding up the affairs of the receivership." By issuing this order, the Travis County probate court placed the parties on notice that additional steps needed to occur for the receivership to close. It

logically follows that since no provision was ever made for the restoration of the receivership property to the persons who were entitled to it, one of the additional steps that the probate court contemplated having to take was to disperse the property subject to receivership. In expressly retaining jurisdiction to wind up the affairs of the receivership, the Travis County probate court retained jurisdiction to resolve any issues pertaining to the ownership of the OSU chimpanzees. Primarily Primates may well be entitled to the return of the OSU chimpanzees, but that issue is for the Travis County probate court to decide as it winds up the affairs of the receivership. Accordingly, we conclude the Bexar County trial court lacked jurisdiction to address the underlying dispute between Chimp Haven and Primarily Primates regarding the ownership of the OSU chimpanzees.

## CONCLUSION

We hold that the trial court lacked subject matter jurisdiction over the underlying dispute. We must therefore reverse the trial court's judgment and dismiss the underlying cause for want of jurisdiction.

Catherine Stone, Chief Justice