

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00500-CV

Mary Ann **JOHNSON,**
Appellant

v.

Chandler Elizabeth **JOHNSON** and Mary M. Johnson,
Appellees

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2017PC0180
Honorable Veronica Vasquez, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Beth Watkins, Justice

Delivered and Filed: January 15, 2020

REVERSED AND RENDERED

This is an appeal from a probate court order granting a motion to dismiss under the Texas Citizens Participation Act ("TCPA"). Because we conclude the probate court lacked subject matter jurisdiction to consider the underlying claims, we reverse its order and render judgment dismissing the claims of appellant Mary Ann Johnson ("Mary Ann") for business disparagement and intentional infliction of emotional distress for lack of subject matter jurisdiction.

**BACKGROUND**

Bradley Keith Johnson ("Bradley") was found dead in his apartment on January 10, 2017. Mary Ann is Bradley's widow, appellee Chandler Elizabeth Johnson ("Chandler") is his adult daughter from a previous marriage, and appellee Mary M. Johnson ("Mary") is Bradley's mother. Mary Ann and Bradley were divorcing when he died, but their divorce was not final so that cause was mooted by his death. Bradley died intestate, and it is undisputed that Mary Ann and Chandler were his only heirs.

On January 17, 2017, Chandler filed an application for dependent administration, letters of administration, and declaration of heirship ("the dependent administration") in Bexar County Probate Court Number 2. The next day, Mary Ann filed an opposition to Chandler's application, as well as her own application for determination of heirship and letters of administration. Mary Ann's application claimed that during their marriage, Bradley defrauded her separate estate and "'wasted' or depleted the community estate." In 2017, the probate court appointed a dependent administrator of Bradley's estate and signed an order approving the inventory, appraisal, and list of claims in the dependent administration.

On January 8, 2019, Mary Ann filed an original petition in the probate court under the same cause number as the dependent administration, asserting claims of business disparagement and intentional infliction of emotional distress against Chandler and Mary ("the tort case"). In the tort case—which forms the basis for this appeal—Mary Ann alleged that after Bradley died, Chandler and Mary falsely reported to the Bexar County Medical Examiner that Mary Ann "was complicit in [Bradley's] death" and requested an autopsy on that basis. She also alleged that the false accusations resulted in the "economic devaluation of her nursing license" because she was "required to disclose any and all 'alleged' misconduct to her supervisor and [the] Board of Nursing for the State of Texas." She did not: allege any claims against Bradley himself or his estate; include

the dependent administrator of Bradley's estate as a party; allege that Chandler and Mary had acted as personal representatives of Bradley's estate; argue that the causes of action she asserted would have any bearing on the collection or distribution of Bradley's estate; or contend that her asserted causes of action affected the court's previous order approving the inventory, appraisal, and list of claims.

On February 5, 2019, Chandler and Mary filed a plea to the jurisdiction, arguing the probate court lacked jurisdiction to consider Mary Ann's claims in the tort case for three reasons:

1. "The estate has been admitted to probate and a dependent administrator appointed. The Court has already made its heirship findings and determination. The Court has approved the Inventory, Appraisement, and List of Claims of the Estate."

2. "None of the events relevant to Plaintiff's Cause of Action affect the Estate of the deceased. Neither the deceased, nor the estate, nor the Administrator are defendants."

3. "All actions alleged by Plaintiff occurred, if at all, after the decedent died. All actions alleged by Plaintiff occurred, if at all, personally and not in any representative capacity."

Mary Ann did not file a response to the plea to the jurisdiction, and the record does not reflect that the plea was ever brought to the probate court's attention.

On March 5, 2019, Chandler and Mary filed a motion to dismiss the tort case under the TCPA. Mary Ann responded that the TCPA did not apply to her claims and that she had established a prima facie case for each required element of those claims. As evidentiary support, she included her own affidavit contending that Chandler and Mary knew that Bradley had "robbed [her] of [her] separate property moneys" and that they falsely accused her of involvement in his death "so [she] could not urge those claims against his estate." However, as noted above, Mary Ann's previously filed application for determination of heirship and letters of administration in the dependent administration asserted her claims that Bradley had defrauded her separate property estate and

wasted their community property. There is nothing in the appellate record showing whether Mary Ann filed a claim against Bradley's estate for the alleged fraud or waste.

After a hearing, the probate court signed an order dismissing the tort case under the TCPA and awarding Chandler and Mary $19,375 in attorney's fees and $500 in sanctions. Mary Ann appealed the probate court's order and raised several substantive arguments. The parties' original briefs did not address the jurisdictional issues raised in Chandler and Mary's plea to the jurisdiction. This court asked the parties to be prepared to discuss the probate court's jurisdiction at oral argument. Thereafter, Mary Ann filed supplemental briefing arguing that the probate court lacked jurisdiction and asking us to remand the tort case to the probate court with instructions to transfer it to the district court.

## ANALYSIS

An appellate court is required to consider the existence of subject matter jurisdiction, even if the parties do not raise that issue on appeal. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). As a result, before we consider the merits of Mary Ann's arguments on appeal, we must determine whether the probate court had subject matter jurisdiction to consider the tort case. *See id.*

### *Standard of Review*

Whether a trial court had subject matter jurisdiction to decide a dispute is a question of law this court reviews de novo. *Estate of Matthews*, 510 S.W.3d 106, 113 (Tex. App.—San Antonio 2016, pet. denied). The pleader bears the burden to allege facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *In re J.P.L.*, 359 S.W.3d 695, 708 (Tex. App.—San Antonio 2011, pet. denied). When reviewing subject matter jurisdiction, this court construes the petition in favor of the pleader, and, if necessary, reviews the entire record to determine if any evidence supports the trial court's exercise of jurisdiction. *Fin. Comm'n of Tex. v. Norwood*, 418

S.W.3d 566, 582 n.86 (Tex. 2013). If the trial court lacked jurisdiction, then the reviewing court only has jurisdiction to set the judgment aside and dismiss the cause. *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 632 (Tex. App.—San Antonio 2009, no pet.).

*Applicable Law*

The jurisdiction of Bexar County's statutory probate courts is broad, but it is not unlimited. TEX. GOV'T CODE ANN. §§ 25.0021, 25.0173; TEX. EST. CODE ANN. §§ 31.002, 32.001, 32.005, 32.006, 32.007; *In re Estate of Aguilar*, No. 04-16-00504-CV, 2018 WL 1176649, at *2 (Tex. App.—San Antonio Mar. 7, 2018, no pet.) (mem. op.). Because the probate court that decided this case is a statutory probate court, it "has exclusive jurisdiction of all probate proceedings." TEX. EST. CODE § 32.005(a); *see also id.* at §§ 32.006, 32.007 (listing matters not at issue here over which a statutory probate court has exclusive jurisdiction or concurrent jurisdiction with the district court). Additionally, all courts exercising general probate jurisdiction, including statutory probate courts, have "jurisdiction of all matters related to the probate proceeding as specified in Section 31.002 for that type of court." *Id.* § 32.001(a); *see also id.* § 31.002. Section 31.002 specifies nine enumerated types of "matters related to a probate proceeding" that fall within a statutory probate court's jurisdiction, most of which involve claims brought by or against an estate's personal representative. *Id.* § 31.002. Because the statute uses the word "includes," however, section 31.002's list is not exhaustive. TEX. GOV'T CODE ANN. § 311.005(13). "The former probate code conferred probate jurisdiction over matters 'incident to an estate'; but the statutory change to 'matters related to a probate proceeding' in the current estates code is not a substantive difference." *Estate of Puckett*, No. 02-18-00349-CV, 2019 WL 3492396, at *4 n.5 (Tex. App.—Fort Worth Aug. 1, 2019, no pet.) (mem. op.). Under the former Probate Code, the Texas Supreme Court held that "a cause of action is appertaining to or incident to an estate if the Probate Code explicitly defines it as such or if the controlling issue in the suit is the settlement, partition, or distribution of

an estate." *In re SWEPI, L.P.*, 85 S.W.3d 800, 805 (Tex. 2002) (internal quotation marks omitted); *see also In re Kholaif*, No. 14-18-00825-CV, 2018 WL 5832899, at *2 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (applying the "'controlling issue' test" after the codification of the Estates Code).

A probate court may also "exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy." TEX. EST. CODE § 32.001(b). "Typically, probate courts exercise pendent and ancillary jurisdiction when a close relationship exists between the non-probate claims and the claims against the estate." *Narvaez v. Powell*, 564 S.W.3d 49, 57 (Tex. App.—El Paso 2018, no pet.). In reviewing a probate court's exercise of pendent and ancillary jurisdiction, "the fundamental question . . . is whether there was a close relationship between [the non-probate claims and the probate proceeding] such that the probate court's exercise of jurisdiction will aid it in the efficient administration of the [estate]." *Schuchmann v. Schuchmann*, 193 S.W.3d 598, 603 (Tex. App.—Fort Worth 2006, pet. denied). A probate court has jurisdiction "to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve claims within its original jurisdiction." *Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 934 (Tex. App.—Austin 1997, no pet.) (applying the predecessor to Texas Estates Code section 32.001(b)).

### *Application*

Mary Ann's petition in the tort case does not explicitly plead a statutory basis for the probate court's subject matter jurisdiction over her claims. Nor does it assert any claims against Bradley's estate or the dependent administrator of the estate, challenge the probate court's determination of heirship or order approving the inventory of Bradley's estate, or contend that the tort case will affect the distribution of Bradley's estate. For these reasons, Chandler and Mary

argued in their plea to the jurisdiction that the probate court lacked jurisdiction to consider Mary Ann's tort case.

We conclude that the probate court lacked subject matter jurisdiction over the tort case and, consequently, lacked jurisdiction to dismiss those claims and award attorney's fees and sanctions under the TCPA. Mary Ann's claims in the tort case do not fall within any of the Estates Code's enumerated "matters related to probate proceeding." TEX. EST. CODE § 31.002. Furthermore, nothing in the record indicates that "the controlling issue [in the tort case] is the settlement, partition, or distribution of [Bradley's] estate." *See In re SWEPI*, 85 S.W.3d at 805. The tort case does not challenge the validity of any documents filed in the dependent administration, question Chandler's status as one of Bradley's heirs, assert a claim for money owed by Bradley or Bradley's estate, or make any claims about how Bradley's estate should be distributed. *See id.* Instead, it asserts intentional torts against Chandler and Mary individually, and any damages to which Mary Ann might be entitled in the tort case would be paid by Chandler and Mary individually, not by the estate. Additionally, Mary Ann has not measured her damages in the tort case based on the amount she claims she is entitled to inherit in the dependent administration.

Further, nothing in Mary Ann's allegations of business disparagement and intentional infliction of emotional distress puts her claims against Bradley for alleged fraud and waste directly at issue in the tort case. Mary Ann has not alleged that the damages she seeks from Chandler and Mary should be measured by the amount of money she contends Bradley improperly took from her. While Mary Ann argues that Bradley's alleged waste of the community estate is relevant to the falsity element of her business disparagement claim, she has not sought any damages from his estate in the tort case. For these reasons, we conclude Mary Ann's tort case is not a "matter related to" the dependent administration. TEX. EST. CODE § 31.002; *In re SWEPI*, 85 S.W.3d at 805.

For similar reasons, the record does not support a conclusion that the tort case falls within the probate court's pendent and ancillary jurisdiction. TEX. EST. CODE § 32.001(b). Mary Ann has not presented any argument or evidence showing that it will promote judicial economy for one heir to sue another heir (and a third-party non-heir) for damages that will not be paid by the estate and will not alter the administration or distribution of the estate. *Id.*; *see Milton v. Herman*, 947 S.W.2d 737, 741 (Tex. App.—Austin 1997, orig. proceeding). Nor is there any evidence that the tort case will "have direct bearing on collecting, assimilating, or distributing [Bradley's] estate." *Burns v. Burns*, 2 S.W.3d 339, 344 (Tex. App.—San Antonio 1999, no pet.).

Because Mary Ann's tort case is not a "matter related to" the dependent administration and does not fall within the probate court's pendent and ancillary jurisdiction, it is outside the subject matter jurisdiction of the statutory probate court. TEX. GOV'T CODE §§ 25.0021, 25.0173; TEX. EST. CODE §§ 31.002, 32.001, 32.005, 32.006, 32.007; *see Shell Cortez Pipeline Co. v. Shores*, 127 S.W.3d 286, 292–95 (Tex. App.—Fort Worth 2004, no pet.) (applying the former Probate Code). Because "[s]ubject matter jurisdiction is essential to a court's authority to decide a case," the probate court lacked jurisdiction to dismiss the tort case under the TCPA and to award Chandler and Mary attorney's fees, sanctions, and court costs under that statute. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484 (Tex. 2018).

In her supplemental briefing and at oral argument, Mary Ann conceded that the probate court lacked subject matter jurisdiction over her claims and asked us to remand this case with instructions to transfer it to the district court. However, the statute upon which she relied for this request applies only when "the judge of a statutory probate court *that has jurisdiction over a cause of action* appertaining to or incident to an estate pending in the statutory probate court determines that the court *no longer has* jurisdiction over the cause of action." TEX. GOV'T CODE ANN. § 25.00222(b) (emphasis added). Because we have concluded that the probate court never had

jurisdiction over the tort case, we hold that it also lacks jurisdiction to transfer those claims to the district court under section 25.00222(b). *See id.*; *see also State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss."). As a result, our only option is to set aside the probate court's TCPA order and dismiss the tort case. *See Chimp Haven*, 281 S.W.3d at 632. In light of our disposition of the jurisdictional issues, we need not consider the parties' remaining arguments. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the probate court's order granting the TCPA motion filed by appellees Chandler Elizabeth Johnson and Mary M. Johnson and render judgment dismissing appellant Mary Ann Johnson's business disparagement and intentional infliction of emotional distress claims for lack of subject matter jurisdiction.

Beth Watkins, Justice