**Billy NIPPER, dba Nipper's Gulf, Appellant,**

v.

**U–HAUL COMPANY OF SAN ANTONIO, DIVISION OF AMERCO MARKETING COMPANY OF SAN ANTONIO, Appellee.**

No. 7644.

Court of Civil Appeals of Texas, Beaumont.

Nov. 7, 1974.

R. Norvell Graham, Jr., San Antonio, for appellant.

Barton S. Smith, Austin, for appellee.

KEITH, Justice.

We review a default judgment brought to us by way of a petition for writ of error and we will designate the parties as they were designated in the trial court.

Plaintiff (U-Haul) alleged that defendant (Nipper) breached a written contract whereby he was to act as agent in the leasing of its equipment. The suit was pitched upon the theory of a verified account under *Rule* 185,[1] and plaintiff also sought exemplary damages for failure to pay over promptly the sums it claimed to be due and

1. All references to Rules are to Texas Rules of Civil Procedure.

Defendant has no points of error challenging the legal sufficiency of the petition to support a default judgment for the debt claimed to be due. As to this facet of the case we do not reach the question of whether this was the type of suit which could be maintained under the procedures set out in Rule 185. See Armstrong v. G.A.C. Leasing Corporation, 484 S.W.2d 811, 813 (Tex.Civ.App. —Beaumont 1972, no writ).

owing by defendant[2] as well as attorney's fees.

Defendant defaulted and the trial court entered judgment in the amount of $1,790.-71, made up of the following items: the debt sued upon, $699.56; $800 as "exemplary damages"; "statutory interest to date of $41.15"; $250 as attorney's fees; statutory interest on the whole of the judgment until paid, and costs of court.

Our record does not show compliance with Rule 306d, and the next action in the case was when plaintiff, invoking the procedures set out in Rule 621a, propounded a series of written interrogatories to the defendant.[3] All subsequent service of process was by mail, according to the certification made by plaintiff's counsel.

■ Defendant did not answer the interrogatories within the time therein specified nor did he seek relief from compliance. Plaintiff sought the entry of an order to compel the answer to the interrogatories and, again, defendant failed to appear. Finally, upon the *unsworn* representation of plaintiff's counsel that defendant had failed to answer the interrogatories, a writ of attachment was issued and defendant placed in jail in San Antonio. Then defendant acted as a reasonably prudent litigant—he retained an attorney who obtained his release from jail under a writ of habeas corpus granted by a district judge

in Bexar County.[4] We have no statement of facts although defendant includes a letter from the clerk in the transcript asserting that "[t]he County Court at Law No. 2 [of Travis County] does not have a court reporter and as far as our records show there was not a reporter present at the hearing."[5]

■ Defendant has several points which attack the order of attachment causing his imprisonment until he answered the interrogatories served upon him. We have no jurisdiction to determine such question since, as was stated in Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex.1967): "In contempt proceedings * * * there is no remedy by appeal. The only remedy to review contempt proceedings where the relator is in custody is by habeas corpus." For, as was said in Lamka v. Townes, 465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.): "[I]t has been the law of this State [since 1872–73] that no jurisdiction is vested in the appellate courts directly to review a contempt proceeding." These observations dispose of points one, two, and three.

■ The fourth and fifth points of error contend that the county court at law of Travis County had no *jurisdiction* to hear and determine the suit between the parties. The argument is advanced that since both parties were residents of and

2. As to the allegation with reference to punitive damages, the late Chief Justice Alexander in A. L. Carter Lumber Co. v. Saide, 140 Tex. 523, 168 S.W.2d 629, 631 (1943), stated the law applicable in this manner: "The rule in this State is that exemplary damages cannot be recovered for a simple breach of contract, where the breach is not accompanied by a tort, even though the breach is brought about capriciously and with malice."

3. These *printed* interrogatories found in a supplemental transcript are lengthy, verbose, and extremely complicated. Indeed, compared to the interrogatories, Internal Revenue Service Form 1040 is a model of simplicity and clarity. Under the cited Rule, defendant was required to answer each interrogatory under oath, subject to the pains and penalties of perjury; and, upon failure to answer, subject to imprisonment for contempt

of court. Of course, defendant could have sought protection under Rule 186b, but no such application for relief was filed.

4. Insofar as we can determine from our record, the writ of habeas corpus may still be pending in said district court since all we have in our record is a notation that he was released by the sheriff upon a bond returnable to a district court in San Antonio.

5. Defendant was entitled to a statement of facts for use upon appeal even though he defaulted at the trial. Johnson v. Brown, 218 S.W.2d 317 (Tex.Civ.App.—Beaumont 1948, writ ref'd n. r. e.). But, defendant made no effort to obtain a statement of facts in any of the other means authorized by law. See State v. Ripke, 426 S.W.2d 599 (Tex. Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.).

domiciled in Bexar County and the cause of action accrued in such county, the cause was cognizable only by a court in Bexar County. We disagree. Defendant has confused jurisdiction with venue.

The distinction has been set out in apt language in National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024 (1943):

> "*Venue* signifies the county in which a plaintiff has the legal right to institute and maintain his suit, notwithstanding the defendant's objections.
>
> \* \* \* \* \* \*
>
> "*Jurisdiction* means the power conferred upon a court by the Constitution and laws to determine the merits of that suit as between the parties and to carry its judgment into effect." (emphasis in original)

The principal distinction is that the parties cannot waive a lack of jurisdiction of the subject matter, but either may waive a rule of venue favorable to himself. See 1 R. McDonald, Texas Civil Practice § 4.02, at 410 (1965 Rev.Vol.), and cases therein cited. The trial court in Travis County had jurisdiction to hear the controversy. By failing to file a plea of privilege, defendant waived his right to have the case transferred to Bexar County. Texas Highway Department v. Jarrell, 418 S.W. 2d 486, 489 (Tex.1967).

■ We have some difficulty in disposing of defendant's sixth point of error quoted in the margin.[6] Our courts are committed to a liberal construction of the rules regulating the briefing of cases. See, e. g., Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286, 292 (1951); Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99, 132 (1961).[7]

■ The default of the defendant operated as an admission of the material facts alleged in the petition but it did not admit that the facts pleaded by the plaintiff entitled it to recover unless the allegations showed a cause of action against the defendant. See generally, 33 Tex.Jur.2d Judgments § 129, at 650 (1962). As was stated in Griswold v. Carlson, 151 Tex. 246, 249 S.W.2d 58, 60 (1952): "In order to support such a [default] judgment, it is essential that the petition show a good cause of action upon which a default judgment can be entered, and the parties seeking such judgment must comply with the requirements of the rules regarding same."

■ As a matter of law, plaintiff's pleadings were insufficient to support the award of the "exemplary damages" sought in its pleadings. A. L. Carter Lumber Co. v. Saide, supra note 2. The pleading, wholly conclusory in nature without any supporting facts being set out, alleged the debt of $699.56, and that said sum became due to plaintiff pursuant to the terms of its contract. It then alleged that the amount of the debt "constitute[s] trust funds of the Plaintiff in the hands of the Defendant. Defendant willfully, maliciously and fraudulently converted such funds to his own use. Plaintiff seeks exemplary damages in at least the amount of $1,000.00."

■ Rule 90, relating to the waiver of defects in pleadings, has no applicability to a party against whom a default judgment is rendered. Griswold v. Carlson, supra. See also, C. & H. Transportation Company v. Wright, 396 S.W.2d 443, 446 (Tex.Civ. App.—Tyler 1965, writ ref'd n. r. e.); Stinson v. Jones, 434 S.W.2d 212, 213 (Tex.Civ.App.—Beaumont 1968, no writ).

There being no pleadings upon which the trial court could base an award of "exem-

---

6. "The Defendant below did not waive his right to defend the action brought against him in Bexar [sic] County, Texas, by failing to answer to the defective pleadings filed in Travis County, Texas, because such pleadings will not support a judgment by default rendered by the Court of Travis County, Texas."

7. Because of the liberalization of the rules, appellate courts are no longer subject to the criticism pointed out in Traders & General Ins. Co. v. Rudd, 102 S.W.2d 457, 459 (Tex. Civ.App.—Beaumont 1937, no writ), "that we operate upon his [the litigant's] rights with the calloused indifference of a senior medical student cutting on a cadaver."

plary" damages, it follows that error has been demonstrated. The award is severable and we are authorized to render the judgment which should have been entered by the trial court. The judgment of the trial court is modified so as to eliminate the $800 awarded as "exemplary damages" and, as reformed, is affirmed.

We express no opinion upon the right of the trial court to enforce the answers to the interrogatories by attachment of the person of the defendant; nor do we express any opinion as to the legality of the imprisonment of the defendant for failure to answer such interrogatories. Defendant's attack upon the order of imprisonment not being before us, we do not reach the contempt aspect of this case in any manner; such is pending, insofar as is shown by our record, in another court.

The judgment of the trial court against the defendant in the amount of $990.71 is affirmed. All costs of the appeal and one-half of the costs in the trial court are adjudged against the plaintiff.

Modified and affirmed.