**In re HOUSTON NORTHWEST PARTNERS, LTD., Individually and d/b/a Northwest Medical Center, and Renee Branch, R.N.**

No. 03–03–00006–CV.

Court of Appeals of Texas,
Austin.

Feb. 21, 2003.

Jeffrey B. McClure, Elizabeth Ann Wiley, Laura M. Trenaman, Andrews & Kurth, LLP, Houston, for Appellant.

Mark R. Mueller, Law Office of Mark Mueller, Jon Michael Smith, Kincaid & Horton, Richard Thormann, Austin, for Appellee.

Before Chief Justice LAW, Justices B.A. SMITH and PURYEAR.

## OPINION

BEA ANN SMITH, Justice.

Relators Houston Northwest Partners, Ltd., individually and d/b/a Northwest Medical Center, along with Renee Branch, R.N., filed a petition for writ of mandamus seeking to stop the transfer of a cause pending in Harris County to the Travis County Probate Court No. 1. *See* Tex. R.App. P. 52.8. For the reasons discussed below, we deny the petition for writ of mandamus.

In June 2001, real party in interest Kirsten Johnson, individually and as next friend of her minor daughter, T.M., filed a personal injury suit in the 280th District Court of Harris County against relators and others. She alleged that T.M. was injured as a result of relators' negligence and that venue was proper because the alleged malpractice occurred in Harris County. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a) (West 2002). In August 2002, Johnson moved to Austin. She initiated a guardianship proceeding in the Travis County Probate Court No. 1 and was appointed T.M.'s guardian. Johnson then filed a motion seeking to have the malpractice suit transferred to Travis County probate court where the guardianship was pending pursuant to section 608 of the probate code.[1] *See* Tex. Prob.Code Ann. § 608 (West Supp.2003). She argued that transfer was proper because the malpractice suit appertains to the guardianship estate and was brought in her capacity as T.M.'s guardian. Relators opposed the

---

1. Section 608 is found in Chapter XIII, "Guardianship," Part 2, "Guardianship Proceedings and Matters," Subpart A, "Jurisdiction." It provides:

A judge of a statutory probate court, on the motion of a party to the action or of a person interested in a guardianship, may transfer to the judge's court from a district, county, or statutory court a cause of action appertaining to or incident to a guardianship estate that is pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to the guardianship estate.

Tex. Prob.Code Ann. § 608 (West Supp.2003).

transfer. At a hearing on the motion, the probate court concluded, "[Section] 608 is a not a venue statute, but a jurisdictional statute allowing this Court to transfer cases, and I will exercise my discretion and I will transfer the case."

Relators now file their petition for writ of mandamus, relying on section 15.007 of the civil practice and remedies code[2] and *Reliant Energy, Inc. v. Gonzalez,* —— S.W.3d ——, No. 01–02–00679–CV, 2002 WL 31051573 (Tex.App.-Houston [1st Dist.] Sept. 6, 2002, no pet. h.) (en banc).[3] *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.007 (West 2002).

Section 15.007 of the civil practice and remedies code governs conflicts in venue provisions. It provides that in a suit for personal injury, death, or property damage brought by or against an executor, administrator, or guardian, the venue provisions of chapter 15 shall control over the venue provisions of the probate code. Relators ask us to follow *Reliant Energy,* which examined the effect of section 15.007 on section 5B of the probate code, a transfer provision almost identical to section 608.[4] In a decision still pending on motion for rehearing, the court concluded that the determination of proper venue for an action brought by or against a personal representative for personal injury, death, or property damage is now made under section 15.007, not the probate code. *Reliant Energy,* slip op. at 10–12, 2002 WL 31051573, at *4, at ——. The court, referring to the transfer authority set forth in

section 5B and holding that section 15.007 controls, apparently concluded that section 5B was a venue provision. *See id.,* slip op. at 11–12, 2002 WL 31051573, at *4.

By contrast, the probate court below, and virtually every appellate court that has considered sections 5B or 608 of the probate code, deemed these transfer provisions to be jurisdictional statutes, *not* venue provisions that would be governed by section 15.007. *See In re Ramsey,* 28 S.W.3d 58, 61 (Tex.App.-Texarkana 2000, orig. proceeding) ("the express transfer authority granted by Section 5B applies notwithstanding the venue statutes"); *In re J7S Inc.,* 979 S.W.2d 374, 377–78 (Tex. App.-Houston [14th Dist.] 1998, orig. proceeding) (discussing sections 15.007 and 608 and concluding section 608 is jurisdictional, not venue provision); *Lanier v. Stem,* 931 S.W.2d 1, 3 (Tex.App.-Waco 1996, orig. proceeding) ("When applied literally, [section 608] allows the probate court to assume authority over cases pending in other courts, notwithstanding the venue statutes."); *Henry v. LaGrone,* 842 S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding) ("Section 5B of the probate code is not a venue statute. If the four conditions authorizing the ... transfer ... are met, then the judge has authority to transfer the case notwithstanding mandatory venue provisions and the like."); *see also In re Graham,* 971 S.W.2d 56, 59–60 (Tex.1998) (interpretation of section 607 and 608 as giving statutory probate courts

---

**2.** Section 15.007 provides:

> [T]o the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death, or property damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.

Tex. Civ. Prac. & Rem.Code Ann. § 15.007 (West 2002).

**3.** The *Reliant Energy* opinion has not yet been released for publication, as a motion for rehearing remains pending before the court.

**4.** Section 5B of the probate code is found in chapter I of the probate code and is applicable to general probate matters. *See* Tex. Prob.Code Ann. § 5B (West Supp.2003). Section 608 is almost identical to section 5B, but is applicable specifically to guardianship matters. *See id.* § 608.

jurisdiction to hear matters appertaining to guardianship estates "comports with legislative intent as evidenced by the Legislature's persistent expansion of statutory probate court jurisdiction over the years"); *but see DB Entm't, Inc. v. Windle,* 927 S.W.2d 283, 287–88 (Tex.App.-Fort Worth 1996, orig. proceeding) (holding that probate court could not transfer personal injury suit brought by personal representative because section 608 in effect at time [since amended] did not authorize transfer unless cause was appertaining or incident to guardianship estate; also observing that although not applicable to cause at hand, "recent tort reform legislation has changed the ability of statutory probate courts to make such transfers in personal injury, death, or property damages suits and whether such suits can be filed in probate courts originally").

■ A plain reading of the probate code supports this majority view. Sections 5 and 5A deal with the jurisdiction of district and statutory probate courts; section 5B confers authority on a statutory probate court to transfer to itself "a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and [to] consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate." Tex. Prob.Code Ann. §§ 5, 5A, 5B (West Supp.2003). Provisions related to venue are located elsewhere in the probate code. *See id.* §§ 6, 8 (West 1980 & Supp.2003). Likewise, in chapter 13 dealing with guardianship, section 608 grants the probate court authority to transfer other causes appertaining and incident to pending guardianship matters. *Id.* § 608. Significantly, section 608 is included in subpart A, covering "Jurisdiction," not in subpart B, addressing "Venue." *See id.* §§ 610–618 (West Supp. 2003). If section 608 is not a venue provi-

sion but a grant of jurisdiction, there is no conflict to be resolved by the application of section 15.007, which applies to "conflicts with *venue provisions* under the Texas Probate Code." Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (emphasis added). We disagree with the *Reliant Energy* court's characterization of the transfer provisions 5B and 608 as venue provisions, and thus we reach a contrary conclusion.

In sections 5B and 608 of the probate code, the legislature granted new authority or jurisdiction to the statutory probate court to transfer causes appertaining to pending probate matters from a district court to the probate court in the name of judicial economy. *See Henry,* 842 S.W.2d at 327. This confers jurisdiction on the probate court; it does not establish venue. The legislature signaled this distinction by listing 608 in subpart A, which only concerns "Jurisdiction." In our opinion, the *Reliant Energy* court mistakenly focused on dominant jurisdiction, a concept that has no application in interpreting section 5B or 608. In effect, the statutory grant of transfer authority to the statutory probate court eliminates the need to evaluate whether one court has dominant jurisdiction over another, an inquiry that is useful only in resolving venue disputes.

■ We agree that forum shopping is against public policy and that courts should guard against allowing transfer statutes to be abused to promote or reward forum shopping. *See Reliant Energy,* slip op. at 11, 2002 WL 31051573, at *5, at ——. However, the public policy against forum shopping must be weighed against the intended purpose of transfer statutes—to promote judicial economy and the efficient administration of probate estates. *See Ramsey,* 28 S.W.3d at 62–63 ("Section 5B's purpose is to allow consolidation of all causes of action incident to an estate in the statutory probate court in order to pro-

mote efficient administration of estates and judicial economy."); *Henry*, 842 S.W.2d at 327 ("The purpose of Section 5B is to allow a statutory probate court to consolidate all causes of action which are incident to an estate so that the estate can be efficiently administered."); *see also Graham*, 971 S.W.2d at 59–60 (discussing legislative intent "as evidenced by the Legislature's persistent expansion of statutory probate court jurisdiction over the years"). Furthermore, forum shopping is not a concern in this cause, in which Johnson simply has relocated her and her daughter's residence from Harris to Travis County. There is no indication in the record that Johnson was seeking any advantage by prosecuting her personal injury suit in Travis County rather than Harris County. Johnson properly brought the personal injury suit in Harris County, but after she moved to Travis County, she properly initiated guardianship proceedings there and sought this transfer so that the personal injury suit could be handled by the same court handling the guardianship. Johnson appears to seek the transfer for the very purposes the legislature enacted sections 608 and 5B: judicial economy and efficiency in determining the guardianship estate. The Travis County Probate Court No. 1 did not abuse its discretion by granting Johnson's motion to transfer under section 608. We deny relators' petition for writ of mandamus.