Opinion issued April 29, 2003












In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00679-CV






RELIANT ENERGY, INCORPORATED, Appellant


V.


JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee


* * * * *






NO. 01-02-01054-CV






JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellant


V.


RELIANT ENERGY, INC., Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2002-21820







CONCURRING OPINION 


 These cases are accelerated, interlocutory appeals from the Harris County
district court's denial and subsequent grant of an application for an anti-suit
injunction abating duplicative proceedings in a wrongful death action in an Hidalgo
County statutory probate court. Because the majority fails to address issues that, in
my view, are necessary to the proper disposition of this appeal, I respectfully concur
in the judgment only. I would deny the motion, withdraw the previous en banc
opinion, and issue this opinion in its place. I would affirm the trial court's September
6, 2002 order granting the anti-suit injunction.

Anti-Suit Injunctions


 Texas state courts have the power to restrain persons from proceeding with
suits filed in other courts of this state by granting an "anti-suit injunction," abating
proceedings in a second forum. Gannon v. Payne, 706 S.W.2d 304, 305 (Tex. 1986).
The general rule is that, when suit is filed in a court of competent jurisdiction, that
court is entitled to proceed to judgment and may protect its jurisdiction by enjoining
the parties to a suit filed in another court of this state. Perry v. Del Rio, 66 S.W.3d
239, 252 (Tex. 2001); Gannon, 706 S.W.2d at 305-06. It is well-established that a
trial court has the power to issue an anti-suit injunction and that an interlocutory
appeal lies from the decision to grant or deny the injunction. See Golden Rule Ins.
Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996). The trial court's decision is
reviewed under an abuse of discretion standard. Gannon, 706 S.W.2d at 305. A trial
court abuses its discretion when it misapplies the law to the established facts of the
case. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985).

Discussion


 Whether the Harris County District Court abused its discretion in refusing to
enjoin the prosecution of Gonzalez's wrongful death action in the Hidalgo County
statutory probate court turns on the proper forum for that action. 

 Reliant contends that the venue of Gonzalez's wrongful death action is
controlled by section 15.007 of the Civil Practice and Remedies Code, which
provides that, in a suit for personal injury, death, or property damage brought by a
personal representative of an estate, the venue provisions of the Civil Practice and
Remedies Code control over conflicting venue provisions in the Probate Code. If
section 15.007 applies to Gonzalez's wrongful death action and the venue provisions
of the Civil Practice and Remedies Code therefore control over the venue provisions
of the Probate Code, as Reliant contends, venue for Gonzalez's wrongful death action
is proper only in Harris County, where the events giving rise to the claim occurred
and where Reliant has its principal office, and not in Hidalgo County, where the
estate proceedings are pending. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.007,
15.002 (Vernon 2002).

 Gonzalez, however, contends that she did not rely on the venue provisions of
the Probate Code to establish venue for her wrongful death action in Hidalgo County;
rather, she relied on sections 5A and 5B of the Probate Code. She argues that
sections 5A and 5B establish dominant jurisdiction over claims brought by a personal
representative of an estate in the statutory probate court to the exclusion of the district
court's jurisdiction; and, since they are jurisdictional statutes, not venue statutes, they
are not controlled by section 15.007 of the Civil Practice and Remedies Code, since
that section controls only over conflicting venue provisions in the Probate Code.
Gonzalez contends that the proper forum is the Hidalgo County statutory probate
court.

 The central question, then, is whether sections 5A and 5B of the Probate Code
are indeed jurisdictional statutes that are not controlled by section 15.007 of the Civil
Practice and Remedies Code and whether the Hidalgo County statutory probate court
is, therefore, the only proper forum for Gonzalez's wrongful death action, or whether
venue for proceedings related to estate proceedings is actually established by a venue
provision of the Probate Code that is preempted by section 15.007, whether that
provision is section 5A or 5B or some other provision of the Code.

 The majority, however, fails to address this issue. Instead, it simply holds that
venue cannot be dispensed with in establishing a proper forum; venue for proceedings
related to probate proceedings is determined by the Probate Code, specifically section
6 of the Code; section 15.007 preempts section 6; therefore, venue for wrongful death
actions, which are within the scope of section 15.007, is set by the Civil Practice and
Remedies Code, not by the Probate Code. But in reaching this conclusion without
addressing the contentions of the parties, the majority begs the central issue in this
complex case: if a jurisdictional statute, like section 5A or 5B of the Probate Code,
overrides even mandatory venue provisions in the Civil Practice and Remedies
Code--as many Texas courts have held--how can that jurisdictional statue be
preempted by a non-mandatory venue provision in the Civil Practice and Remedies
Code?

 To determine the proper forum for Gonzalez's wrongful death action, it is
necessary to determine whether sections 5A and 5B indeed establish both jurisdiction
and venue for proceedings related to estate proceedings and whether, as jurisdictional
statues, they control over section 15.007, a venue statue; or whether sections 5A and
5B are themselves wholly or partially venue statues whose venue-providing aspect
is preempted by section 15.007; or whether some other venue provision in the Probate
Code authorizes the probate court to determine venue for proceedings related to estate
proceedings and is preempted by section 15.007. 

 Statutory Provisions

 Section 15.007 of the Civil Practice and Remedies Code ("Conflict with
Certain Provisions") provides:

 [T]o the extent that venue under this chapter for a suit by or against an
executor, administrator, or guardian as such, for personal injury, death,
or property damage conflicts with venue provisions under the Texas
Probate Code, this chapter controls. 


Tex. Civ. Prac. & Rem. Code Ann. § 15.007.

 Section 15.002 of the Civil Practice and Remedies Code ("Venue: General
Rule") provides venue for wrongful death suits, stating:

 (a) Except as otherwise provided by this subchapter or Subchapter B
or C, all lawsuits shall be brought:


 (1) in the county in which all or a substantial part of the events or
omissions giving rise to the claim occurred;


 (2) in the county of defendant's residence at the time the cause of
action accrued if defendant is a natural person;


 (3) in the county of the defendant's principal office in this state,
if the defendant is not a natural person; or


 (4) if Subdivisions (1), (2), and (3) do not apply, in the county in
which the plaintiff resided at the time of the accrual of the cause of
action.


 (b) For the convenience of the parties and witnesses and in the interest
of justice, a court may transfer an action from a county of proper venue
under this subchapter or Subchapter C to any other county of proper
venue on motion of a defendant filed and served concurrently with or
before the filing of the answer . . . .


Tex. Civ. Prac. & Rem. Code Ann. § 15.002.

 Section 5A of the Probate Code, ("Matters Appertaining and Incident to an
Estate and Other Probate Court Jurisdiction") provides in part:

 (b) In proceedings in the statutory probate courts and district courts,
the phrases "appertaining to estates" and "incident to an estate" in this
Code include the probate of wills . . . and also include, but are not
limited to, all claims by or against an estate . . . . In situations where the
jurisdiction of a statutory probate court is concurrent with that of a
district court, any cause of action appertaining to estates or incident to
an estate shall be brought in a statutory probate court rather than in the
district court.


 (c) A statutory probate court has concurrent jurisdiction with the district
court in all actions:


 (1) by or against a person in the person's capacity as a personal
representative; 

 . . . .


 (d) A statutory probate court may exercise the pendent and ancillary
jurisdiction necessary to promote judicial efficiency and economy.


 (e) Subsections (c) (2), (3), and (4) and Subsection (d) apply whether or not
the matter is appertaining to or incident to an estate.


Tex. Prob. Code Ann. § 5A (Vernon 2003). 


 Section 5B of the Probate Code, "Transfer of Proceedings," provides in part:

 A judge of a statutory probate court, on the motion of a party to the
action or on the motion of a person interested in an estate, may transfer
to his court from a district . . . court a cause of action appertaining to or
incident to an estate pending in the statutory probate court or a cause of
action in which a personal representative of an estate pending in the
statutory probate court is a party and may consolidate the transferred
cause of action with the other proceedings in the statutory probate court
relating to that estate. 


Tex. Prob. Code Ann. § 5B (Vernon 2003).

 Statutory Construction

 Matters of statutory construction are questions of law for the court to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989). We liberally
construe statutes to achieve their purposes and promote justice. Maley v. 7111
Southwest Freeway, Inc., 843 S.W.2d 229, 231 (Tex. App.--Houston [14th Dist.]
1992, writ denied). Our objective in construing a statute is to determine and give
effect to the intent of the lawmaking body. Liberty Mut. Ins. Co. v. Garrison
Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998). In so doing, we look first to the
plain and common meaning of the statute's words. Id.; see also Fitzgerald v.
Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999). We also
consider the statute's legislative history, the objective sought, and the consequences
that would flow from alternate constructions. Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 383 (Tex. 2000). We look at the entire act, and not at a single section
in isolation from others. Fitzgerald, 996 S.W.2d at 866. We should not adopt a
construction that would render a law or provision absurd or meaningless. See
Chevron Corp. v. Redmon, 745 S.W.2d 314, 316 (Tex. 1987); Mueller v. Beamalloy,
Inc., 994 S.W.2d 855, 860 (Tex. App.--Houston [1st Dist.] 1999, no pet.). To
determine the proper construction of sections 5A and 5B of the Probate Code and
section 15.007 of the Civil Practice and Remedies Code, therefore, we must turn first
to their plain language, then to the title of these sections, the object sought to be
attained, and the consequences of our construction. See Tex. Gov't Code Ann. §
311.023 (Vernon 1998); City of Dallas v. Cornerstone Bank, N.A., 879 S.W.2d 264,
270 (Tex. App.--Dallas 1994, no writ); Linick v. Employers Mut. Cas. Co., 822
S.W.2d 297, 301 (Tex. App.--San Antonio 1991, no writ).

 Jurisdiction and Venue

 This case requires that we determine the court of proper jurisdiction and venue
for Gonzalez's wrongful death action. "Jurisdiction" deals with the power of a court,
under the Constitution and laws, to determine the merits of an action as between the
parties and to render a judgment. National Life Co. v. Rice, 167 S.W.2d 1021, 1024
(Tex. 1943); Nipper v. U-Haul Co., 516 S.W.2d 467, 470 (Tex. App.--Beaumont
1943, no writ); see also 2 McDonald, Texas Civil Practice, § 6:2 (Rev. Vol.
1992). "Venue" signifies the county in which a plaintiff has the legal right to institute
and maintain suit. National Life, 167 S.W.2d at 1025; Nipper, 516 S.W.2d at 470; see
also 2 McDonald at § 6:2. A plaintiff has the first choice to establish venue in a
proper county by filing suit in the county of his choice. In re Masonite Corp., 997
S.W.2d 194, 197 (Tex. 1999). If a defendant objects to the plaintiff's venue choice,
the plaintiff must prove that venue is proper in the county where suit has been filed. 
Id. If the plaintiff fails to establish proper venue, the trial court must transfer venue
to the county specified in the defendant's motion to transfer, provided that the
defendant provides prima facie proof that the county to which he has requested
transfer is a county of proper venue. Id. A trial court's transfer of a case to a county
of improper venue is an abuse of discretion that renders its transfer order voidable. 
Id. at 198.

 Jurisdiction and Transfer of Proceedings Under Sections 5A and 5B of the
Probate Code


 Section 5A of the Probate Code ("Matters Appertaining and Incident to an
Estate and Other Probate Court Jurisdiction") provides that "[a] statutory probate
court has concurrent jurisdiction with the district court in all actions . . . by or against
a person in the person's capacity as a personal representative." Tex. Prob. Code
Ann. § 5A(c)(1) (emphasis added). By its plain language and its caption, section 5A
is a jurisdictional statute that confers concurrent jurisdiction on district courts and
statutory probate courts for an action brought by a personal representative of an
estate. The concurrent jurisdiction of those courts under section 5A extends to
wrongful death and survival actions brought by or against personal representatives. 
Palmer v. Coble Wall Trust Co., Inc., 851 S.W.2d 178, 182 (Tex. 1992); Tovias v.
Wildwood Props P'ship, L.P., 67 S.W.3d 527, 529 (Tex. App.--Houston [1st Dist.]
2002, no pet.). (1) But our analysis of section 5A does not end with section 5A(c)(1).

 Gonzalez points out that section 5A(b) of the Probate Code provides that, "[i]n
situations where the jurisdiction of a statutory probate court is concurrent with that
of a district court, any cause of action appertaining to estates or incident to an estate
shall be brought in a statutory probate court rather than in the district court." Tex.
Prob. Code Ann. § 5A(b) (Vernon 2003) (emphasis added). Construing this
language as conferring dominant jurisdiction on the Hidalgo County statutory probate
court to the exclusion of the Harris County district court, Gonzalez argues that
"therefore, according to legislative mandate, the Hidalgo County statutory probate
court has jurisdiction 'rather than' the Harris County district court." I disagree.

 This court has held that statutory probate courts have dominant, but not
exclusive, jurisdiction over claims relating to an estate once probate proceedings have
been filed in the probate court. Tovias, 67 S.W.3d at 529; First State Bank of Bedias
v. Bishop, 685 S.W.2d 732, 736 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd
n.r.e.). In interpreting section 5A(b)(1), we cited with approval to Pullen v. Swanson, 
in which the Fourteenth Court of Appeals concluded:

 The [last] sentence [in section 5A(b)] is a statutory expression of a
policy of judicial self-restraint that once the jurisdiction of the statutory
probate court has attached and that jurisdiction is adequate to grant the
requested relief, the District Court should refrain from exercising its
concurrent jurisdiction.


First State Bank of Bedias, 685 S.W.2d at 735-36 (quoting Pullen, 667 S.W.2d 359,
364 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.). 

 Section 5A is plainly a jurisdictional statute, but, for the reasons set forth
below, I would find that a statutory probate court lacks the jurisdiction under section
5A to determine venue for wrongful death actions. The question, therefore, is
whether section 5B is also a jurisdictional statute that confers on probate courts
jurisdiction to determine venue for proceedings related to estate proceedings pending
in the probate court.

 Section 5B ("Transfer of Proceedings") provides, "A judge of a statutory
probate court . . . may transfer to his court from a district . . . court a cause of action
appertaining to or incident to an estate . . . and may consolidate the transferred cause
of action with the other proceedings in the statutory probate court." Tex. Prob.
Code Ann. § 5B (Vernon 2003). Section 5B thus authorizes the transfer of
proceedings into the statutory probate court to carry out the mandate of section 5A(d)
that "[a] statutory probate court may exercise the pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy." Tex. Prob. Code Ann. §
5A(d)(Vernon 2003); see In re Ramsey, 28 S.W.3d 58, 63 (Tex. App.--Texarkana
2000, no pet.) (observing that purpose of section 5B is to allow consolidation of all
causes of action incident to an estate in statutory probate court to promote efficient
administration of estates and judicial economy). 

 As Gonzalez and the dissent observe, a number of Texas courts which have
construed section 5B as a jurisdictional statute that authorizes the transfer of cases
relating to an estate, not only from the jurisdiction of a district court to that of a
statutory probate court, but from one venue to another, trumping even mandatory
venue provisions in the Civil Practice and Remedies Code. See In re Ramsey, 28
S.W.3d at 59-62 (addressing transfer of partnership proceeding from Lamar County
District Court to Dallas County probate court); In Re J7S Inc., 979 S.W.2d 374, 378
(Tex. App.--Houston [14th Dist.] 1998, orig. proceeding) (addressing denial of
transfer from Harris County probate court to Atascosa County district court of suit to
recover real property despite mandatory venue provision in Civil Practice and
Remedies Code); Lanier v. Stem, 931 S.W.2d 1, 2-3 (Tex. App.--Waco 1996, orig.
proceeding) (addressing transfer from Robertson County district court to Travis
County probate court of action against trustee of testamentary trust); Henry v.
LaGrone, 842 S.W.2d 324, 327-28 (Tex. App.--Amarillo 1992, orig. proceeding)
(addressing transfer of declaratory judgment action from Hartley County district court
to Travis County probate court).

 Gonzalez infers that the transfer of venue in each case is made under the power
of the statutory probate court to transfer jurisdiction to itself to the exclusion of the
jurisdiction of the district court. She cites, in particular, to the Amarillo Court of
Appeals' holding in Henry that "[s]ection 5B of the probate code is not a venue
statute," but a jurisdictional statute, whose purpose of consolidating all actions
incident to an estate in the probate court would be thwarted "if that section did not
authorize the statutory probate court to transfer to itself causes of action that were
originally filed in proper venues." Henry, 842 S.W.2d at 327.

 It is immediately apparent, however, that the controlling distinction between
this case and the cases cited by Gonzalez is that none of those cases were suits for
wrongful death, personal injury or property damage. None of them dealt with section
15.007, in which the Texas Legislature specifically mentioned the Probate Code and
said that, in three types of cases only--claims for "personal injury, death, or property
damage" brought by or against the personal representative of an estate--the venue
provisions in the Civil Practices and Remedies Code control over those in the Probate
Code. Does this distinction matter?

 Four of our sister courts of appeals have addressed the issue of whether a
statutory probate court may transfer to itself a proceeding within the scope of section
15.007 pending in a district court in a different venue. One court construed sections
5A and 5B of the Probate Code, and three construed virtually identical language in
section 608 of the Probate Code, governing guardianship proceedings. See In re
Houston N.W. Partners, 98 S.W.3d 777 (Tex. App.--Austin 2003, orig. proceeding);
Marathon Corp. v. Pitzner, 55 S.W.3d 114 (Tex. App.--Corpus Christi 2001, pet.
filed) (construing section 608); In re Ford Motor Co., 965 S.W.2d 571 (Tex.
App.--Houston [14th Dist.] 1997, orig. proceeding) (construing section 5B); DB
Entm't, Inc. v. Windle, 927 S.W.2d 283, 288 (Tex. App.--Fort Worth, orig.
proceeding) (construing section 608).

 In each of the cases decided prior to our original en banc opinion in this case, (2)
the court held that the statutory probate court lacked authority under the Probate Code
to transfer the wrongful death suit. In each, the court of appeals relied on language
in section 5B or section 608 authorizing the probate court to transfer to it's
jurisdiction only "a cause of action appertaining to or incident to an estate pending
in the statutory probate court"; and each observed that the Supreme Court had held
in Palmer that wrongful death actions are not matters "appertaining to an estate." In
re Ford Motor Co., 965 S.W.2d at 575; DB Entm't, 927 S.W.2d at 286-87; see also
Marathon Corp., 55 S.W.3d at 141 (holding that Dallas County statutory probate
court lacked authority to transfer to itself personal injury suit brought on behalf of
living person in Hidalgo County district court because (1) personal injury suits
brought by guardian are not causes of action appertaining to guardianship estate, and
(2) applicable version of section 608 of the Probate Code did not give statutory
probate court authority to transfer actions by or against guardian, regardless of
whether action was appertaining or incident to estate).

 This Court previously considered and declined to follow the reasoning of In re
Ford Motor Company and DB Entertainment in determining whether a legal
malpractice claim could be transferred to a statutory probate court from a district
court. Greathouse v. McConnell, 982 S.W.2d 165, 170-71 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied). We held that "the legislature amended section 5A in 1989
to grant probate courts concurrent jurisdiction over all actions brought by or against
a personal representative, whether or not those claims standing alone would meet the
definition of 'appertaining to or incident to' an estate." Id. at 171. We held that "a
statutory probate court may properly transfer to itself any case brought by or against
a personal representative of an estate, regardless of whether the claims meet the
definition of 'appertaining to or incident to' an estate." Id. We further held that the
probate court had jurisdiction to transfer the legal malpractice suit to itself. Id.

 In 1999, the legislature amended section 5B of the Probate Code. That section
now plainly states that the judge of a statutory probate court 

 may transfer to his court from a district . . . court a cause of action
appertaining to or incident to an estate pending in the statutory probate
court or a cause of action in which a personal representative of an estate
pending in the statutory probate court is a party and may consolidate the
transferred cause of action with the other proceedings in the statutory
probate court relating to that estate. 


Tex. Prob. Code Ann. § 5B. Section 5B thus plainly permits a statutory probate
court to transfer to its jurisdiction all causes of action in which a personal
representative is a party, including wrongful death causes of action; and it also has
been interpreted by many Texas courts as permitting not only transfer of jurisdiction,
but also transfer of venue of proceedings related to probate proceedings. But this still
leaves the question whether section 5B alone, or in conjunction with section 5A,
authorizes the transfer of venue of wrongful death proceedings. Indeed, in our
original en banc opinion in this case, we held that section 5B did not authorize
transfer of a wrongful death action from a county of proper venue under the Civil
Practice and Remedies Code to a county of improper venue under that Code.

 In Houston Northwest Partners, however, the Third Court of Appeals expressly
disagreed with our prior en banc holding in this case. 98 S.W.3d at 780. It reasoned
that "the probate court below, and virtually every appellate court that has considered
sections 5B or 608 of the probate code, deemed these transfer provisions to be
jurisdictional statutes, not venue provisions that would be governed by section
15.007" and that "[a] plain reading of the probate code supports this majority view." 
Id. (emphasis in original). It observed that the parallel statute, section 608, was in the
jurisdiction section of the Probate Code, not the venue section, and that section
15.007 "applies to conflicts with venue provisions under the Texas Probate Code."
Id. (emphasis in original). Without considering the effect of its opinion on the
function of sections 5A and 5B of the Probate Code or on the interpretation and
applicability of section 15.007 of the Civil Practice and Remedies Code, the Third
Court of Appeals held that the plaintiff's malpractice suit, which appertained to a
guardianship estate and was brought in the plaintiff's capacity as guardian of a minor,
was properly transferred from Harris County district court to the Travis County
statutory probate court, in which the plaintiff initiated guardianship proceedings,
apparently for the propose of transferring the malpractice suit from Harris County to
Travis County. Id.

 Because section 5B is in the jurisdictional section of the Probate Code and, by
its plain language, authorizes transfer of jurisdiction, Gonzalez and the dissent argue
that it is a jurisdictional statute that itself establishes venue. However, section 5B
also appears next to the venue provision of the Probate Code and has the
characteristics of a venue statute as well as a jurisdictional statute. For example, the
transfer of venue provision in the Texas Civil Practice and Remedies Code provides
that "[f]or the convenience of the parties and witnesses and in the interest of justice,
a court may transfer an action from a county of proper venue under this subchapter
. . . to any other county of proper venue on motion of a defendant." Tex. Civ. Prac.
& Rem. Code Ann.§ 15.002(b) (Vernon 2002) (emphasis added). Likewise, section
8 of the Probate Code, ("Concurrent Venue and Transfer of Proceedings") a venue
statute, permits the transfer of estate proceedings "to the proper court in any other
county in this State" when "it appears to the court at any time before the estate is
closed that it would be in the best interest of the estate." Tex. Prob. Code Ann. §
8(c))(2) (Vernon 2003). 

 The dual characteristics of section 5B authorizing transfer of both jurisdiction
and venue support the argument that section 5B cannot properly be simply construed
either as a jurisdictional statute or as a venue statute, but merely is a statue for the
"transfer proceedings," as it caption indicates and as the majority concludes. The
question still remains, however, whether section 5A of the Probate Code, which is
clearly a jurisdictional statute, authorizes the probate court to determine venue of
proceedings related to estate proceedings and whether, as a jurisdictional statute, it
is beyond the control of section 15.007 of the Civil Practice and Remedies Code.

 Venue Under the Probate Code for Causes of Action Related to Proceedings
Pending in Statutory Probate Courts


 Gonzalez contends that none of the venue provisions of the Probate Code apply
to this case; therefore, none can be preempted by section 15.007. She points out that
section 6 of the Probate Code ("Venue for Probate of Wills and Administration of
Estates of Decedents")--the section the majority holds is preempted by section
15.007--by its plain language, determines venue for the probation of wills and the
administration of estates (which necessarily include the underlying probate
proceedings in this case), but that it does not determine venue for causes of action
relating to the estate. See Tex. Prob. Code Ann. §6 (Vernon 2003). Likewise, she
contends that section 8 of the Probate Code, ("Concurrent Venue and Transfer of
Proceedings") pertains only to the proceedings set out in section 6 of the Code. See
Robertson v. Gregory, 663 S.W.2d 4, 5 (Tex. App.--Houston [14th Dist.] 1983, no
writ); Boyd v. Ratliff, 541 S.W.2d 223, 225-26 (Tex. App.--Dallas 1976, writ dism'd)
("We hold that the venue provisions of § 8 pertain only to the proceedings
specifically set forth in §§ 6 and 7 and since the present suit for declaratory judgment
by an independent executrix is not within either § 6 or § 7, § 8 is inapplicable"). 

 The majority, however, without addressing Gonzalez's and the dissent's
arguments and authorities, holds that section 6 of the Probate Code fixes venue for
matters "appertaining to an estate," hence for claims brought by a personal
representative of the estate, in the county where the decedent resided; and, since
section 6 is a venue provision, it is preempted in the case of wrongful death actions
by section 15.007 of the Civil Practice and Remedies Code. Neither the plain
language of section 6 nor the jurisprudence interpreting this section supports this
assertion, however, as Gonzalez and the dissent observe. Section 6, by its plain
language, pertains solely to the determination of venue for wills and letters
testamentary and of administration, not related matters. See Tex. Prob. Code Ann
§ 6. 

 Nevertheless, Gonzalez's and the dissent's claim that no venue provision in the
Probate Code determines venue for proceedings related to pending estate proceedings
is simply incorrect. Gonzalez, the dissent, and the majority all overlook section 8(e)
of the Probate Code. Section 8(e) ("Jurisdiction to Determine Venue") specifically
provides that "[a]ny court in which there has been filed an application for proceedings
in probate shall have full jurisdiction to determine the venue of such proceeding, and
of any proceeding relating thereto, and its determination shall not be subject to
collateral attack." Tex. Prob. Code Ann. § 8(e) (Vernon 2003) (emphasis added). 
Unlike section 6 of the Probate Code, which fixes venue only for the underlying
probate proceedings, section 8(e) expressly confers jurisdiction on the probate court
to determine venue for "proceedings relating" to proceedings in probate; and that
section, by its plain language, does apply to Gonzalez's wrongful death action. (3)

 By its caption and plain language, section 8(e) vests the court in which probate
proceedings have been filed with jurisdiction to determine the venue of any
proceeding relating to those probate proceedings. It is this provision--section 8(e)
of the Probate Code--which, in this case, authorized the statutory probate court's
exercise of its jurisdiction over matters related to Gonzalez's estate under section 5A
of the Code to determine that venue for Gonzalez's wrongful death action lay in
Hidalgo County, where estate proceedings were pending, and which authorized the
exercise of the statutory probate court's transfer power under section 5B to transfer
venue of Gonzalez's wrongful death suit from Harris County to Hidalgo County. 

 As a venue statute in the Probate Code, however, section 8(e) is preempted by
the plain language of section 15.007 of the Civil Practice and Remedies Code with
respect to claims for personal injury, death, and property damage brought by or
against a personal representative of an estate. Therefore, the transfer was improper,
and venue for those cases must be determined under the Civil Practice and Remedies
Code. Because the authority conferred on the statutory probate court under section
8(e) to determine and transfer venue of proceedings related to pending estate
proceedings is preempted by section 15.007, transfer of Gonzalez's wrongful death
action to Hidalgo County and maintenance of that action in the statutory probate court
in that county are both improper.

 When section 5A of the Probate Code is construed as a jurisdictional provision
that provides dominant jurisdiction in a statutory probate court over a district court
of concurrent jurisdiction for matters related to an estate, when section 5B is
construed as the applicable provision for transferring both jurisdiction and venue for
matters relating to an estate pending in a statutory probate court, and when section
8(e) is recognized as the provision that empowers a statutory probate court to
determine the venue of matters related to an estate pending in that court, the cases
relied upon by Gonzalez fall into place. Although in each of those cases an action
was transferred from a district court to a statutory probate court in a different venue,
none dealt with a case subject to section 15.007. Since none of the cases cited by
Gonzalez was within the scope of section 15.007, the venue provisions in the Probate
Code controlled and authorized the statutory probate court to determine venue of the
proceedings related to probate proceedings pending in that court. That is not the case
here, where section 15.007 applies and preempts section 8(e), the venue statute that
confers jurisdiction on the statutory probate court to determine venue for proceedings
related to pending estate proceedings. (4)

 I would hold that section 15.007 of the Texas Civil Practice and Remedies
Code controls over section 8(e) of the Probate Code and that it thus precludes the
exercise of a statutory probate court's jurisdiction to determine venue for a wrongful
death action under section 5A of the Probate Code and that it precludes the transfer
of a wrongful death action under section 5B of the Probate Code from a district court
in a county of proper venue for those proceedings under the Civil Practice and
Remedies Code to a county of improper venue under the Civil Practice and Remedies
Code. Since venue for Gonzalez's wrongful death suit is improper in Hidalgo County
under the Civil Practice and Remedies Code, the Hidalgo County statutory probate
court is an improper forum for Gonzalez's wrongful death action. Transfer of venue
of Gonzalez's wrongful death suit from Harris County to Hidalgo County was
improper; and the Harris County district court erred in denying Reliant's motion to
abate the Hidalgo County wrongful death proceedings.

 Section 15.007 of the Civil Practice and Remedies Code

 The conclusion that section 15.007 of the Civil Practice and Remedies Code
trumps section 8(e) of the Probate Code and thus removes from the probate court the
jurisdiction to determine venue for actions for personal injury, death, or property
damage related to proceedings pending in a probate court is supported not only by the
plain language of section 15.007 and its construction with sections 5A, 5B and 8(e)of
the Probate Code, but also by the intent of the Texas Legislature in enacting section
15.007 in 1995. Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (Vernon Supp. 2003)
(added by Act of May 4, 1995, 74th Leg., R.S., ch. 138, § 1, sec. 15.007, 1995 Tex.
Gen. Laws 978, 980).

 The effect of the 1995 statute has been described as follows:

 The 1995 Texas Legislature made substantial amendments and additions
to the venue provisions of the Civil Practice and Remedies Code. The
most important of these changes, for estate administration purposes, is
that the determination of proper venue for an action by or against a
personal representative for personal injury, death, or property damage
is no longer made under the Probate Code, but rather under §15.007 of
the Civil Practice & Remedies Code.


17 Texas Practice, Probate and Decedents' Estates, § 11 (1971 & Supp.
2003). The intention of the legislature in enacting section 15.007 was to prevent
forum shopping, as the Fort Worth Court of Appeals has observed:

 Forum shopping is against public policy, as reflected by the changes in
venue law as part of last year's [1995] tort reform legislation. 
Particularly, section 15.007, which appears to be a legislative attempt to
clarify and reiterate probate court jurisdiction over tort suits, prevents
plaintiffs from . . . transferring such suits (forum shopping) to probate
court in contravention of the venue statutes. 


DB Entm't, Inc., 927 S.W.2d at 288.

 By its plain language, section 15.007 has only one purpose: to remove the
determination of proper venue for suits for wrongful death and survival from the
Probate Code to the Civil Practice and Remedies Code. See 17 Texas Practice,
Probate and Decedents' Estates, § 11 (1971 & Supp. 2003). The intent of this
tort reform legislation was to "prevent[] plaintiffs from . . . transferring such suits
(forum shopping) to probate court in contravention of the venue statutes." DB Entm't,
Inc., 927 S.W.2d at 288. It could not effect this purpose if it did not control transfer
of venue from counties of proper venue for wrongful death and survival suits under
the Civil Practice and Remedies Code to counties of improper venue for such suits
through the use of sections 5A and 5B of the Probate Code. 

 Specifically, if section 15.007 does not apply to statutory probate courts, then
it is ineffective to prevent transfer of venue in Texas' 10 most populous counties, as
the dissent acknowledges--that is, all the counties in which section 15.007 is most
likely to be invoked. Such an interpretation of section 15.007 is contrary both to the
intent of the legislature in enacting it and to its plain language and leads to absurd
results. We should not interpret a statute in a manner contrary to its plain language,
purpose, and legislative intent, and in such a way as to render it meaningless. See
Redmon, 745 S.W.2d at 316; Mueller, 994 S.W.2d at 860. 

 Estoppel and Anti-Suit Injunction

 Reliant contends not only that venue for Gonzalez's wrongful death suit is
improper in Hidalgo County under sections 15.002 and 15.007 of the Civil Practice
and Remedies Code, but that Gonzalez was forum shopping when she filed her
wrongful death suit in Hidalgo County and opposed its transfer to Harris County, the
county of proper venue, and that she was forum shopping when she filed an identical
wrongful death suit in Harris County and immediately moved to transfer it to Hidalgo
County. Reliant points out that it timely objected to venue in Hidalgo County; sought
to transfer Gonzalez's wrongful death suit from the statutory probate court in that
county to the district court in Harris County, the county of proper venue; fought
transfer of venue from Harris County to Hidalgo County; and sought to abate the
Hidalgo County proceedings--and that each time Gonzalez resisted.

 Reliant argues that forum shopping can constitute grounds for estoppel to
assert dominant jurisdiction; deprive a court of dominant jurisdiction it would
otherwise have had; and justify abatement of the proceedings in the county of
improper venue. See Sweezy Constr., Inc. v. Murray, 915 S.W.2d 527, 532 (Tex.
App.--Corpus Christi 1995, orig. proceeding) (recognizing estoppel to assert the
dominant jurisdiction of a prior action arises from a variety of conduct, including "an
affirmative representation to the second court that it has jurisdiction," as by filing suit
in that jurisdiction); see also Perry, 66 S.W.3d at 252; Wyatt v. Shaw Plumbing Co.,
760 S.W.2d 245, 247-48 (Tex. 1988) (first-filed rule does not apply if party's conduct
estops him from asserting dominant jurisdiction); Howell v. Mauzy, 899 S.W.2d 690,
698 (Tex. App.--Austin 1994, writ denied) (noting that abatement of lawsuit due to
pendency of previous lawsuit is based on comity, convenience, and necessity for
orderly procedure; however, exception exists when party's conduct estops him from
asserting dominant jurisdiction in another court). Therefore, Reliant argues, the
Harris County district court should have enjoined the Hidalgo County proceedings.

 A suit in a court that has dominant jurisdiction is entitled to proceed to
judgment, and the court of dominant jurisdiction may protect its jurisdiction by
enjoining identical proceedings filed in another court. See Perry, 66 S.W.3d at 252;
Gannon, 706 S.W.2d at 305. Accordingly, when the subject matter is the same in two
pending lawsuits, a plea in abatement in the second action must be granted in the
interests of comity, convenience, and the need for an orderly procedure in the trial of
contested issues. Sweezy Constr., Inc., 915 S.W.2d at 531.

 Well-established equitable exceptions provide, however, that when a party who
has filed suit in a particular forum has engaged in inequitable behavior that affects the
choice of forum, the party who filed the first suit is estopped from asserting the
dominant jurisdiction of the prior court, and the first-filed suit should be abated. See
In re Pasadena Indep. Sch. Dist., 76 S.W.3d 144, 147 (Tex. App.--Amarillo 2002,
orig. proceeding); Sweezy Constr., Inc., 915 S.W.2d at 531; 4M Linen & Uniform v.
W.P. Ballard & Co., 793 S.W.2d 320, 322 (Tex. App.--Houston [1st Dist.] 1990, writ
denied). If the second court determines that an exception to the general rule of
abatement applies, it may assume dominant jurisdiction and proceed to judgment. 
Howell, 899 S.W.2d at 698. 

 Gonzalez attempted to circumvent the controlling venue statutes in both the
Probate Code and the Civil Practice and Remedies Code by first filing her wrongful
death suit in a county of improper venue under the Civil Practice and Remedies Code;
then filing identical proceedings in Harris County district court, thus invoking the
jurisdiction of that court; and then moving the Hidalgo County statutory probate court
to transfer the properly filed Harris County proceedings to itself under the Probate
Code.

 The dominant jurisdiction rule applies, however, only when both courts are
proper forums for the suit. See Perry, 66 S.W.3d at 252. Here, because the venue
provisions of the Probate Code are controlled by section 15.007 of the Civil Practice
and Remedies Code, the statutory probate court lacked the jurisdiction conferred on
it by section 8(e) of the Probate Code to determine venue for proceedings related to
estate proceedings. See First State Bank of Bedias, 685 S.W.2d at 735-36. Therefore,
there is only one proper forum for Gonzalez's wrongful death suit, the Harris County
district court.

 Accordingly, I would hold that the Hidalgo County statutory probate court
lacked adequate jurisdiction to provide the relief sought and that the Harris County
district court initially abused its discretion when it denied Reliant's application for
an anti-suit injunction abating the Hidalgo County proceedings, and, in its subsequent
order, properly granted the injunction. 

Conclusion


 I would affirm the September 6, 2002 order of the Harris County district court
granting Reliant's application for an anti-suit injunction.



 Evelyn V. Keyes

 Justice


Panel consisted of Justices Mirabal, (5) Taft, and Smith (6) on original submission of cause
number 01-02-00679-CV.


En banc consideration was requested. Tex. R. App. P. 41.2©).


A majority of the Court voted for en banc consideration.


The en banc Court, on original submission of cause number 01-02-00679-CV,
consisted of Justices Mirabal, Taft, Nuchia, Jennings, Radack, Keyes, Alcala, and
Smith.


Justice Mirabal, writing for the majority of the en banc Court on original submission
of cause number 01-02-00679-CV, joined by Justices Nuchia, Jennings, Radack,
Keyes, and Alcala.


Justice Smith, joined by Justice Taft, dissenting on original submission of cause
number 01-02-00679-CV.


Chief Justice Schneider (7) and Justice Hedges, not participating on original submission
of cause number 01-02-00679-CV.


Motion for rehearing was filed in cause number 01-02-00679-CV.


A majority of the en banc Court voted to deny the motion for rehearing.


The en banc Court on rehearing of cause number 01-02-00679-CV and on original
submission of cause number 01-02-01054-CV consists of Chief Justice Radack and
Justices Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Mirabal, and Smith.


Justice Jennings, writing for a majority of the en banc Court on rehearing of cause
number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV, joined by Chief Justice Radack and Justices Hedges, Nuchia, and Alcala.


Justice Keyes, concurring on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV.


Justice Mirabal, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justices Taft and
Smith.


Justice Smith, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justice Taft.


Justices Hanks and Higley, not participating on rehearing of cause number 01-02-00679-CV or on original submission of cause number 01-02-01054-CV.

1. It did not become clear that probate courts had concurrent jurisdiction over
wrongful death and survival claims until 1992, when the Texas Supreme Court issued
its opinion in the Palmer case. See Palmer, 851 S.W.2d at 181 (stating that, even
though legislature amended section 5A of the Probate Code in 1985 to give probate
courts jurisdiction of such claims, many courts of appeals continued to hold probate
courts had no such jurisdiction). 
2. Issued September 6, 2002.
3. The language in Boyd, holding that "the venue provisions of § 8 pertain only
to the proceedings specifically set forth in §§ 6 and [now repealed] 7" need not be
construed as being at odds with this conclusion or the plain language of section 8(e),
since the power of the probate court to determine venue of proceedings relating to
probate proceedings, set out in section 8(e), is predicated on the power of that court
to determine the venue of the underlying probate proceeding, also set out in section
8(e).
4. In Herring v. Welborn, 27 S.W.3d 132 (Tex. App.--San Antonio 2000, pet.
denied), the Fourth Court of Appeals considered the issues of venue and jurisdiction
under section 5A and 5B of the Probate Code in a suit regarding the sale of
community property. It held that, once a probate proceeding is underway, the
statutory probate court's probate jurisdiction over continuing administration of the
estate exists to the exclusion of district court jurisdiction in matters "incident to the
estate," and that "[t]his jurisdictional requirement 'trumps' the venue provision of
bringing suit in the county where the land is located." Id. at 140-41. It further stated
that "[a] jurisdictional requirement (such as that contained in the Probate or Tax
Codes) takes precedence over a venue requirement." Id. at 141. The court cited no
authority for the proposition that jurisdiction trumps venue, and, to the extent it
implies that a court may dispense with venue so long as jurisdiction is proper, I
disagree.
5. The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.
6. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.
7. The Honorable Michael H. Schneider, former Chief Justice, Court of Appeals, First
District of Texas at Houston, resigned from this Court effective September 6, 2002.