Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

IN RE: )
 No. 08-03-00438-CV

)


TEREX CORPORATION, )
 AN ORIGINAL PROCEEDING

TEREX CRANES, INC.,
)
 

HARNISCHFEGER CORPORATION,
)
 IN MANDAMUS

ANTHONY CRANE RENTAL )


D/B/A MAXIM CRANE WORKS,
)


CURTIS SHIFLET, DAVID KEENER,
)


KEITH CLARK, and
)


CRANE & RIGGING CONSULTANTS, INC.,
)


)


 Relators.
)



OPINION ON PETITION FOR WRIT OF MANDAMUS



 This is an original proceeding in mandamus. Relators seek a writ of mandamus requiring the
Honorable Max Higgs, Judge of the El Paso County Probate Court, to vacate his September 22, 2003
order transferring cause number 048-187504-01, styled Matilde C. Talavera, Individually and as
Representative of the Estate of Emilio C. Talavera, Deceased, Frank Talavera, Richard Talavera,
Lorrie Ann Talavera and Tracy Talavera v. Anthony Crane Rental, L.P. d/b/a Maxim Crane Works;
Curtis Shiflet; David Keener; Keith Clark; Rex Whalen; Crane & Rigging Consultants;
Harnischfeger Corporation; Terex Lifting, a Division of Terex Corporation; and Terex Cranes, Inc.,
from the 48th District Court of Tarrant County to the El Paso County Probate Court and
consolidating it with cause number 2002-P00893, styled In Re: The Estate of Emilio Talavera,
Deceased. For the reasons stated below, we deny relief.

STANDARD OF REVIEW


 Mandamus will lie only to correct a clear abuse of discretion. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992)(orig. proceeding). Moreover, there must be no other adequate remedy at law. 
Id.

1. Clear abuse of discretion

 An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse
of discretion warranting correction by mandamus occurs when a court issues a decision which is
without basis or guiding principles of law. See Johnson v. Fourth Court of Appeals, 700 S.W.2d
916, 917 (Tex. 1985)(orig. proceeding). With respect to resolution of factual issues or matters
committed to the trial court's discretion, the reviewing court may not substitute its judgment for that
of the trial court. Walker, 827 S.W.2d at 839-40. The relator must therefore establish that the trial
court could reasonably have reached only one decision. Id. Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be
arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles
controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in
determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court
to analyze or apply the law correctly will constitute an abuse of discretion, and may result in
appellate reversal by extraordinary writ. Walker, 827 S.W.2d at 840.

2. No adequate remedy by appeal

 An appellate court will deny mandamus relief if another remedy, usually appeal, is available
and adequate. Street v. Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig.
proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as
a normal appeal." Walker, 827 S.W.2d at 840, quoting State v. Walker, 679 S.W.2d 484, 485 (Tex.
1984). Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances. The writ will issue "only in situations involving manifest and urgent necessity and
not for grievances that may be addressed by other remedies." Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original Jurisdiction of the Supreme Court
and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas, § 1.4(1)(b) at 47 (2d Ed.
1979).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE COURT


 Relators argue that Judge Higgs clearly abused his discretion by transferring the wrongful
death suit to the statutory probate court under the authority of Section 5B of the Probate Code (1)
because Section 15.007 of the Civil Practice and Remedies Code, (2) which governs conflicts in venue
provisions, mandates that Chapter 15's venue provisions control over the Probate Code. They also
rely on Reliant Energy, Inc. v. Gonzalez, 102 S.W.3d 868, 874-75 (Tex.App.--Houston [1st Dist.]
2003, pet. granted), which held that Section 15.007 would be rendered meaningless if probate courts
could transfer personal injury, property damage, and wrongful death suits to themselves. There is
a split in authority among Texas appellate courts regarding the interplay between Section 5B of the
Probate Code and Section 15.007 of the Civil Practice and Remedies Code. Those courts
considering the issue have determined that Section 5B is a jurisdictional statute, not a venue
provision. See In re Ramsey, 28 S.W.3d 58, 61 (Tex.App.--Texarkana 2000, orig. proceeding);
Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex.App.--Amarillo 1992, orig. proceeding); see also In re
Houston Northwest Partners, Ltd., 98 S.W.3d 777, 780 (Tex.App.--Austin 2003, orig. proceeding). 
The Texarkana and Amarillo courts of appeals reason that a transfer under Section 5B does not
create a conflict between two venue provisions, and therefore, Section 15.007 does not apply. The
same analysis has been applied to Section 608 of the Probate Code (3) which permits the transfer to the
statutory probate court of cases appertaining to or incident to a guardianship estate. See e.g., In re
Houston Northwest Partners, Ltd., 98 S.W.3d at 780 (Section 608); In re J7S, Inc., 979 S.W.2d 374,
377-78 (Tex.App.--Houston [14th Dist.] 1998, orig. proceeding)(Sections 607 and 608 of the Probate
Code); Lanier v. Stem, 931 S.W.2d 1, 3 (Tex.App.--Waco 1996, orig. proceeding)(Section 608). We
are persuaded that the majority view of this issue is correct and will follow it here. Because the
record before us does not reflect that the trial court clearly abused its discretion by entering the order
transferring the wrongful death suit to the El Paso County Probate Court, we deny the relief
requested in the petition for mandamus.

 


November 25, 2003 /s/ Ann Crawford McClure 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.
1. Tex.Prob.Code Ann. § 5B (Vernon 2003).
2. Tex.Civ.Prac. & Rem.Code Ann. § 15.007 (Vernon 2002).
3. Tex.Prob.Code Ann. § 608 (Vernon Supp. 2004).