ACCEPTED
03-14-00511-CV
4422058
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:05:50 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00511-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/9/2015 2:05:50 PM
JEFFREY D. KYLE
Clerk

_____

**MARY BLANCHARD**
Respondent/Appellant

v.

**GRACE ANN MCNEILL, IN HER CAPACITY AS SUCCESSOR TRUSTEE AND
BENEFICIARY OF THE DIXIE LEE HUDLOW LIVING TRUST, AND
HAROLD MCNEILL, AS BENEFICIARY OF THE DIXIE LEE HUDLOW LIVING
TRUST, AND THE DIXIE LEE HUDLOW LIVING TRUST,**
Petitioners/Appellees.

_____

From the Probate Court No. 1
Travis County, Texas
Trial Court No. C-1-PB-13-001179

_____

**PETITIONER, MARY BLANCHARD'S, MOTION
FOR REHEARING EN BANC**

_____

TO THE HONORABLE JUSTICES OF SAID COURT OF APPEALS:

COMES NOW, Mary Blanchard, ("MB") Petitioner, by and through her Attorney in this proceeding and files this, her Motion For Rehearing En Banc of this Court's Opinion and Order denying Petitioner Blanchard's Petition For Writ Of Mandamus and, in support of an Order Granting Rehearing, and the setting aside of this Court's Order and Opinion Denying Relief dated January 23rd, 2015, would show the Court the following:

1

## FACTS ESTABLISHED BY THE RECORD PROVE THAT THE TRANSFER ORDER VIOLATED TEXAS ESTATES CODE SECTION 38.002(c)(3)

### I.

1. The Case in which the Probate Court entered its Order of Transfer was styled <u>Estate of Dixie Lee Hudlow, Deceased</u>, Cause No. 1-PB-12-00179. The "case snatching" Attorney filed the Motion to Transfer in the Main Probate case -- in which his client, Grace McNeill, was acting as the Executrix of the Estate of Dixie Lee Hudlow.

2. The "snatched case" pending before the 151st Judicial District Court of Harris County, Texas; Cause No. 2014-27275, had the style <u>Mary Blanchard, Plaintiff v. Grace McNeill, Successor Trustee and Alleged Beneficiary of the Dixie Lee Hudlow Living Trust and Harold McNeill in his Alleged capacity as beneficiary of the Dixie Lee Hudlow Living Trust, and the Dixie Lee Hudlow Living Trust.</u>

3. The Declaratory Judgment Action which the "case snatching" Attorney for Grace McNeill filed in the Probate Court No. 1 of Travis County, Texas was styled <u>In Re: Dixie Lee Hudlow Living Trust Grace Anne McNeill, as Successor Trustee of the Dixie Lee Hudlow Living Trust as Amended</u>; Cause No. C-1-PB-000693.

4. NONE of the actions to which McNeill's Motion To Transfer related were brought against, or by, the personal representative of the Estate of Dixie Lee Hudlow, Executrix Grace Anne McNeill. Nor

2

was Harold McNeill named as a Defendant or Plaintiff in his capacity as a beneficiary of the Estate of Dixie Lee Hudlow.

5. Both the Declaratory Judgment Action brought by Grace Anne McNeill and the Houston Action, brought by Mary Blanchard raised causes of action, and claims, related solely to the Dixie Lee Hudlow Living Trust.

6. The Dixie Lee Hudlow Living Trust ("DLHLT") was not a testamentary trust. The DLHLT was formed long before Dixie Lee Hudlow's death.

7. Under the above facts, and under the legal authorities set out below, a case involving a Living Trust is not "related to" a proceeding before a Statutory Probate Court under the clear statutory definition of Texas Estates Code Sec. 38.002(c)(3) and is not subject to transfer under Texas Estates Code Sec. 38.001.

8. This Court's ruling to the contrary violates the clear statutory language of Texas Estates Code Sec. 38.002(c)(3) which limits the Statutory Probate Court's transfer power.

**LEGAL ARGUMENT AND AUTHORITY SUPPORTING REHEARING EN BANC**

**II.**

1. **THE PANEL OPINION APPLIED THE WRONG STANDARD OF REVIEW –– A TRIAL COURT HAS NO DISCRETION TO VIOLATE STATUTORY LAW.**

The applicable standard of review for determining whether a trial court has abused its discretion is described as follows in Terex,

3

supra, a decision the panel issuing the Opinion and Order purportedly relied on:

> An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. See <u>Johnson v. Fourth Court of Appeals</u>, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. <u>Walker</u>, 827 S.W.2d at 839-40. The relator must therefore establish that the trial court could reasonably have reached only one decision. Id. Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. Id. With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. <u>Walker,</u> 827 S.W.2d at 840.

Here the Opinion and Order reads as if the trial judge made some determination of fact in making the illegal transfer order that a Court of Appeals can not disturb. No such factual decision was made. The trial judge simply exercised a statutory power he did not have.

In doing so the trial court had no discretion it could abuse. Contrary to the language in the panel's Order and Opinion this Court, on Mandamus, was required to review the trial court's legal error in applying the transfer statute (Texas Estates Code Sec. 38.002(c)(3) "de novo" without deference.

The Panel's Opinion and Order does not do so. Rehearing En

4

Banc should be granted.

2.   **CLAIMS AND CAUSES OF ACTION CONCERNING THE OWNERSHIP OF PROPERTY OF A LIVING TRUST OR QUESTIONS CONCERNING THE PROPER BENEFICIARIES OF A LIVING TRUST ARE NOT "RELATED TO" AN ESTATE PROCEEDING AND ARE NOT SUBJECT TO TRANSFER UNDER TEXAS ESTATES CODE SEC. 38.002(C)(3).**

The Texas Legislature chose to place limits on the types of cases which a Statutory Probate Court may transfer from a District Court. Those limitations appear in Texas Estates Code Sec. 38.002 which sets out such limitations in detail.  After listing various limitations which are inapplicable here, the statute states the following limitation(s) on Statutory Probate Court transfer power:

> (c) For purposes of this code, in a county in which there is a statutory probate court, a matter related to a probate proceeding includes:
>
> (1) all matters and actions described in Subsections (a) and (b); and
>
> (2) any cause of action in which a personal representative of an estate pending in the statutory probate court is a party in the representative's capacity as personal representative.

The Personal Representative of the Estate of Dixie Lee Hudlow, Executrix Grace Anne McNeill was not a named party in either the Declaratory Judgment Action her "case snatching" Attorney brought or in the Houston case brought by Blanchard in the 151st Judicial District Court of Harris County, Texas.

Neither the case transferred –– Blanchard's District Court case –– nor Grace McNeill's Declaratory Judgment action brought in her alleged capacity as Successor Trustee of the Dixie Lee Hudlow

5

Living Trust were "related to" to Estate Proceeding involving the Estate of Dixie Lee Hudlow, Deceased.

This Court's ruling to the contrary violates the clear wording of the statute -- Texas Estates Code Sec. 38.002 which proscribes rather than grants any authority of a Statutory Probate Court to transfer cases to itself involving Living Trusts over which the District Courts have concurrent jurisdiction.

This Court's Order and Opinion cites In Re Terex Corporation, 123 S.W.3d 673 (Tex.App.-El Paso 2003)(orig. proceeding) as supposed support for its decision to allow the illegal transfer to stand. Terex involved a case which the El Paso Court of Appeals described as follows:

> This is an original proceeding in mandamus. Relators seek a writ of mandamus requiring the Honorable Max Higgs, Judge of the El Paso County Probate Court, to vacate his September 22, 2003 order transferring cause number 048-187504-01, styled Matilde C. Talavera, Individually and as Representative of the Estate of Emilio C. Talavera, Deceased, Frank Talavera, Richard Talavera, Lorrie Ann Talavera and Tracy Talavera v. Anthony Crane Rental, L.P. d/b/a Maxim Crane Works; Curtis Shiflet; David Keener; Keith Clark; Rex Whalen; Crane & Rigging Consultants; Harnischfeger Corporation; Terex Lifting, a Division of Terex Corporation; and Terex Cranes, Inc., from the 48th District Court of Tarrant County to the El Paso County Probate Court and consolidating it with cause number 2002-P00893, styled In Re: The Estate of Emilio Talavera, Deceased.

See Terex at Pg. 673.

Terex involved a transfer of an action in which the personal representative of an Estate was a named party. It has no application here and does not support this Court's Panel Order and

6

Opinion upholding the transfer of a case from District Court which had no personal representative(s) of an Estate as a Party(s)

Further, to the extent Terex opines that the Statutory Probate Court's power to transfer is "jurisdictional" rather than "a matter of venue" its criticism of the reasoning to the contrary in <u>Reliant Energy, Inc. v. Gonzalez</u>, 102 S.W.3d 868, 874-75 (Tex.App.-Houston [1st Dist.] 2003, pet. granted) was thoroughly debunked, and then rejected, by the Supreme Court of Texas in <u>Gonzalez v. Reliant Energy, Inc.</u>, 159 S.W.3d 615 (Tex. 2005) which upheld the First Court of Appeals reasoning in Reliant.

McNeill had the right to seek transfer of venue under the "first filed rule" through pursuit of a Plea in Abatement or other venue filing(s). But that is all she had.

CONCLUSION

Once more, as it did in <u>In Re Houston Northwest Part</u>, 98 S.W.3d 777 (Tex.App.-Austin 2003 this Court of Appeals attributes a pooh bah power to a Statutory Probate Court which it does not have -- the "snatching" of cases from District Courts over which the Statutory Probate Court has, at best, mere concurrent jurisdiction subject, in its exercise, to the application of the Venue statutes.

This Court's violation of the Texas Supreme Court's reasoning in <u>Gonzales</u> in this case is merely the same legal chapter -- second verse.

The transfer order "snatching" a Living Trust case from the Harris County District Court was illegal and in excess of the Statutory Probate Court's power and jurisdiction. Mandamus lies to

7

correct such an abuse of transfer power. See <u>In Re Estate Of Aguilar</u>, 04-13-00690-CV (Tex.App.-San Antonio 6-4-2014)(m.o.)

The full Court of Appeals should reconsider this matter En Banc and then issue an Order and Opinion directing the Honorable Presiding Judge of Probate Court No. 1 of Travis County, Texas to withdraw and set aside his illegal order of transfer.

Respectfully submitted,

s/Joe Alfred Izen, Jr.

_____
Joe Alfred Izen, Jr.
Attorney for Appellant Blanchard
TBC # 10443500
5222 Spruce Street
Bellaire, Texas   77401
(713) 668-8815
(713) 668-9402 FAX
jizen@comcast.net

## CERTIFICATE OF COMPLIANCE

I certify that this document was created in a DOS Word Star 6 format and contains 1,856 words.

s/Joe Alfred Izen, Jr.

_____
Joe Alfred Izen, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Jeffrey T. Knebel, 301 Congress Avenue, Suite 1910, Austin, TX  78701 (fax: 512-542-2011) by facsimile transmission and/or eservice on the 4th day of March, 2015.

s/Joe Alfred Izen, Jr.

_____
Joe Alfred Izen, Jr.

BLANCHAR.M4R/TK472

8